PERRY v STURDEVANT MANUFACTURING COMPANY

Docket No. 60555. Submitted November 3, 1982, at Detroit.—Decided March 9, 1983.

Debra Perry petitioned for and was awarded workers' compensation benefits from the Sturdevant Manufacturing Company and its insurance carrier, Insurance Company of North America. The carrier filed a claim for review of the award with the Workers' Compensation Appeal Board. According to the statutory requirement, the carrier paid the claimant 70% of the weekly benefits set by the Bureau of Workers' Disability Compensation hearing referee. Subsequently, the carrier stopped making the 70% payments for a period of time. The claimant filed a motion to dismiss the carrier's claim for review and requested that a $50 per day penalty be imposed on the carrier for delaying payment for over 30 days pursuant to the statutory provision that a penalty be imposed for nonpayment of benefits in cases where there is no ongoing dispute. The referee's decision was upheld by the WCAB. The claimant appeals by leave granted. *Held:*

The WCAB erred in holding that the penalty provisions of the statute providing for payment of a penalty by an employer or carrier who delays payments of workers' compensation benefits for more than 30 days are not applicable to the payment of the 70% benefits while the award is being appealed. Dismissal of the carrier's claim of appeal may still be used as a coercive tool or to punish wilful nonpayment. Perry's claim that the WCAB abused its discretion by denying her motion to dismiss the claim for review is moot.

Affirmed in part, reversed in part, and remanded.

J. H. GILLIS, J., dissented. He would affirm the decision of the WCAB. He believes that the penalty provisions for an employer's or carrier's nonpayment of workers' compensation benefits are not applicable to nonpayment of the 70% benefits paid

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 194.

[2] 31 Am Jur 2d, Exemptions §§ 7-9, 120.

[3-6] 82 Am Jur 2d, Workmen's Compensation § 658.

while an employer or carrier appeals an award of benefits. The pendency of an appeal constitutes an ongoing dispute. The appropriate remedy against an employer or carrier who fails to pay the 70% benefits is dismissal of the claim for review or the appeal.

OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute based on an analysis of legislative intent is neither required nor permitted where the words of the statute are clear and unambiguous.

2. STATUTES — EXEMPTIONS.

Generally, exemptions contained in a statute should be scrutinized carefully by the judiciary.

3. WORKERS' COMPENSATION — PENALTIES.

The statute providing for payment of a penalty by an employer who delays payments of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute (MCL 418.801[2]; MSA 17.237[801][2]).

4. WORKERS' COMPENSATION — PENALTIES.

The penalties provided for a carrier's nonpayment of workers' compensation benefits, accrued weekly benefits, medical bills or travel allowance "within 30 days after becoming due and payable in cases where there is no ongoing dispute" are applicable to the nonpayment of the 70% payments provided to a claimant during an appeal by the carrier from an order of the Workers' Compensation Appeal Board, although dismissal of the claim of appeal may also be useful as a coercive tool or to punish a carrier's wilful nonpayment (MCL 418.801[2]), 418.862; MSA 17.237[801][2], 17.237[862]).

DISSENT BY J. H. GILLIS, J.

5. WORKERS' COMPENSATION — DELAY IN PAYMENTS — PENALTIES.

*The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal (MCL 418.801[2], 418.862; MSA 17.237[801][2], 17.237[862]).*

6. WORKERS' COMPENSATION — PENALTIES.

  The Legislature, by limiting the 30-day penalty for nonpayment
  of workers' compensation benefits to cases where there is no
  ongoing dispute, did not intend the penalty to be imposed
  against an employer 'or carrier who fails to comply with the
  requirement that 70% of the weekly benefit awarded by the
  hearing referee be paid to the claimant during an appeal by
  the employer or carrier; the appropriate remedy against an
  employer or carrier who fails to pay the 70% benefits is
  dismissal of the claim for review or the appeal (MCL 418.801[2],
  418.862; MSA 17.237[801][2], 17.237[862]).

*Marston, Sachs, Nunn, Kates, Kadushin &
O'Hare, P.C.* (by *Granner S. Ries*), for plaintiff.

*Ulanoff, Ross, Summer, LaKritz, Wesley &
Bloom, P.C.* (by *Carmen C. Tice*), for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and
J. H. GILLIS, JJ.

BRONSON, P.J. The claimant appeals by leave
granted a decision of the Workers' Compensation
Appeal Board (WCAB), denying her request for
imposition of the penalty for late payment pro-
vided for in § 801 of the Worker's Disability Com-
pensation Act (WDCA), MCL 418.801; MSA
17.237(801). The board held that the statutory
penalty provision does not apply to late payments
of "70% benefits" provided for in § 862 of the act,
MCL 418.862; MSA 17.237(862).

After a hearing before a Bureau of Workers'
Disability Compensation referee, the carrier was
ordered to pay claimant weekly benefits of $106.67,
on August 23, 1978. The carrier filed a timely
claim for review with the WCAB, pursuant to
MCL 418.859; MSA 17.237(859). At that time the
carrier began to pay the claimant 70% of the
weekly benefits set by the terms of the referee's

award. It was required to do so by § 862 of the WDCA, which states in part:

"A claim for review filed pursuant to sections 859 or 861 shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award."

Inadvertently, the carrier stopped making payments to the claimant on December 3, 1979. On January 25, 1980, the claimant filed a motion to dismiss the carrier's claim for review. The carrier resumed making payments on February 3, 1980. The claimant's motion to dismiss was denied on February 8, 1980. The claimant requested that a $50 per day penalty be imposed on the carrier pursuant to § 801 of the WDCA. The referee denied her request; his decision was upheld by the WCAB. The board held that the penalty provisions of § 801 do not apply to the failure to pay "70% benefits" provided for in § 862 of the act. In support of its decision, the board relied on its earlier opinion in *Perini v Chrysler Corp,* 1980 WCABO 1198, in which it stated:

"MCL 418.801(2) and MCL 418.862 are similar in legislative purpose. Both are remedies. But each has its own special area of application. They are mutually exclusive. MCL 418.801(2) was designed to insure prompt payment of compensation where there is no asserted or legally valid ongoing dispute as to entitlement. MCL 418.862 was intended to provide the successful hearing level claimant with some minimal economic process; that is, *while the claim continued to be disputed.* It would do grave violence to clear legislative intent and remedial purposes of these provisions if we

were to mix them up and hold that MCL 418.801(2) penalties are to be assessed against late payments of weekly 70% benefits which are coercively required to be paid even though there is an ongoing dispute with respect to entitlement and the merits of the claim. The procedural remedy for failure to comply with the 70% requirement is dismissal of the defense appeal. *McAvoy v H B Sherman Co*, 401 Mich 419 (1977); *Karbel v Greyhound Food Management*, 1975 WCABO 1851. It follows, of course, that penalties would immediately attach should such a dismissal occur with legal finality. This is not, however, an issue of remedial redundancy. It is simply that the penalty provisions just do not apply to the late payment of 70% benefits with respect to *ongoing disputed claims* pursuant to MCL 418.862; and this is precisely because we are dealing with a case in which there is indeed an 'ongoing dispute'." (Emphasis in original.)

Although the board's decision rests heavily on its analysis of legislative intent, we must first consider appellees' claim that the language of § 801 clearly and unambiguously precludes imposition of the statutory penalty for failure to pay "70% benefits". If the words of a statute are clear and unambiguous, judicial construction based on an analysis of legislative intent is neither required nor permitted. *Dussia v Monroe County Employees Retirement System*, 386 Mich 244, 248-249; 191 NW2d 307 (1971). We must, however, also observe the general rule that exemptions in a statute are scrutinized carefully. *Grand Rapids Motor Coach Co v Public Service Comm*, 323 Mich 624, 634; 36 NW2d 299 (1949).

We must begin by examining appellees' reliance on our opinion in *Charpentier v Canteen Corp*, 105 Mich App 700; 307 NW2d 704 (1981). This Court was asked to decide when the 30-day "grace period", during which a carrier may fail to make required payments without incurring the statutory

penalty, begins to run. The claimant in *Charpentier* was clearly claiming a penalty for the carrier's failure to pay the 30% share of benefits stayed pursuant to § 862 of the WDCA. The carrier in *Charpentier* unquestionably had paid "70% benefits" when they were due. The Court stated:

"[O]ur interpretation does not work undue hardship upon compensation beneficiaries by making them wait for complete payment. By statute, claimants receive 70% of their weekly benefits during the pendency of review or appeal. MCL 418.862; MSA 17.237(862), *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977). They are not deprived of income during that period." *Charpentier, supra,* p 707.

Far from supporting the position taken by appellees, the rationale underlying the *Charpentier* decision appears to support the claim that statutory penalties may be assessed for nonpayment of 70% benefits. The analysis in *Charpentier* indicates only that, when the entitlement to immediate payment is the subject of "an ongoing dispute", the exception in § 801(2) applies.

We cannot agree with appellees' claim that § 801(2) is plain and unambiguous. At the time of the board's decision,[1] § 801(2) stated:

"If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is no ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the compensation, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection."

---

[1] Subsequent amendments to § 801 shed no light on its meaning in the present context.

"Seventy percent benefits", referred to in § 862 as "payment of 70% of the weekly benefit", are clearly "weekly compensation benefits". The requirement that benefits be "due and payable" is unrelated to the bureau's award of benefits in a contested case; benefits are "due and payable" on the 14th day after the employer has notice or knowledge of the disability of the person entitled to payment. MCL 418.801(1); MSA 17.237(801)(1).

The term "cases" in the phrase "cases in which there is no ongoing dispute" does not mean contested cases before the bureau and does not refer to a claim of an employee against her employer, which may or may not lead to the payment of benefits. "Cases" means "instances" or "situations" and refers to "weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance". By using the word "or" in this phrase, the Legislature indicated that nonpayment in any category will trigger the penalty provision, even if an ongoing dispute exists concerning a payment in a different category; *e.g.,* nonpayment of admittedly due weekly benefits is not excused by the presence of a dispute over a medical bill. This interpretation is not only the only one which gives meaning to every phrase in § 801(2), it is also the only one which makes sense in light of the purposes behind the penalty.

Appellees do not seriously contend that an ongoing dispute concerning any aspect of a claim bars the imposition of a penalty for nonpayment. They argue, however, that a dispute concerning the underlying liability for specific benefits is an "ongoing dispute" even though the WDCA requires immediate payment of the benefits in question. Appellant claims that "cases" in the phrase "cases where there is no ongoing dispute" refers, *inter*

*alia,* to "weekly compensation benefits". A carrier's claim for review only contests the duty to pay: (a) benefits accrued before the referee's award, (b) the 30% of the award stayed, and (c) weekly benefits after the decision on appeal. It also seeks to establish the carrier's right to reimbursement for the payment of "70% benefits" from the Second Injury Fund. It does not, the appellant argues, contest the actual liability for the payment of the "70% benefits" themselves.

We again find that the statutory language is ambiguous. The language used by the Legislature was extremely general and, we believe, was intended to encompass all situations in which the problem of nonpayment might arise, even those "cases" in which there is no contested case. Furthermore, the Legislature's listing of types of payments in the alternative shows an intent to require carriers to make each payment promptly as it becomes due. We conclude that the Legislature's language not only permits interpretation to advance its purposes but invites it.

The purpose of § 862 was explained by the Supreme Court in *McAvoy v H B Sherman Co,* 401 Mich 419, 438; 258 NW2d 414 (1977):

"1975 PA 34 represents an attempt by the Legislature to instill new vitality into the Worker's Disability Compensation Act. The Legislature evidently realized that the ultimate goal of the worker's compensation schema was being thwarted by an appellate process which was merely a traditional carry-over from existing tort concepts of liability. Workers were not receiving the benefits awarded by the referees and were often subject to being whipsawed into settlements for lesser benefits in order to avoid the lengthy appellate process." (Footnote omitted.)

Prompt payment of "70% benefits" was considered

by the Supreme Court to be critical to the effectuation of the Legislature's purpose. This is clear from the Court's implication of a power to dismiss a claim for review for nonpayment.

The purpose behind the statutory penalty can best be understood by examining how the provision works. Thirty days after an undisputed payment becomes due but remains unpaid, the penalty is imposed. No good faith defense is provided; deliberate nonpayment is not required for the imposition of a penalty. The Legislature's purpose must have been not only to penalize those who refuse to pay but to force all carriers to be conscientious in their duty to make prompt payments by deterring even unintentional nonpayment.

Appellees can draw a clear logical distinction between payment of "70% benefits" and payment for which the liability has never been contested or has been finally decided. Distinctions based on ultimate liability are, however, totally unrelated to the purposes underlying § 801(2). The Legislature has seen fit to require the immediate payment of "70% benefits" regardless of the fact that the decision awarding such benefits may eventually be reversed. There is no reason to believe that the failure to make required payments causes any less suffering before an award is affirmed than afterwards. All of the reasons which the Legislature had for providing for the penalty provisions generally fully support provision of the penalty for nonpayment of "70% benefits".

Finally, we address the WCAB's holding that dismissal of a claim for review is the exclusive remedy for nonpayment of "70% benefits". The remedy of dismissal was not supported by the language of any statute but was implied from the absence of a specific remedy in the WDCA itself

and the manifest need to deter nonpayment. *McAvoy, supra.* In *McAvoy,* the Supreme Court did not suggest that dismissal was the only possible remedy. § 801(2) was enacted, of course, the year after *McAvoy* was decided.

If dismissal is the exclusive remedy for nonpayment of "70% benefits", the WDCA leaves a large gap in its provision for assuring payment of benefits. A claim for review may be dismissed by the WCAB for nonpayment of "70% benefits". Section 862 also provides for the payment of "70% benefits" while a "claim for review" is filed under § 861 of the WDCA. Section 861 (MCL 418.861; MSA 17.237[861]) provides for appeals by leave granted to this Court and to the Supreme Court. The Supreme Court has specifically enumerated the reasons why this Court may dismiss an appeal in GCR 1963, 817.5(2). While we do not conclude that this Court is totally without the power to enforce payment of "70% benefits", it does not appear that dismissal is a remedy allowed under the Court Rules. If § 801(2) penalties may not be imposed for nonpayment during an appeal from the WCAB, a remedy other than dismissal must be implied.

More importantly, dismissal is a far more arbitrary remedy than that provided for in § 801(2). A carrier with a meritorious appeal is the one hurt the most by a dismissal; the one with a nonmeritorious appeal is hurt the least. The explicit statutory penalty of § 801(2) was well designed to force carriers to be conscientious in promptly paying all benefits which are indisputably due by requiring imposition of the penalty regardless of the amount of, or the reason for, nonpayment. Dismissal was a remedy imposed by default, not by design. Although dismissal may still be useful as a coercive tool, or to punish wilful nonpayment, the use of § 801(2) penalties will better effectuate the Legisla-

ture's intent embodied in § 862. We hold that
§ 801(2) applies to the nonpayment of "70% bene-
fits".

Appellant's claim that the WCAB abused its
discretion by denying her motion to dismiss the
claim for review is moot. Appellees have not
sought to appeal the WCAB's September 16, 1981,
denial of their claim.

Remanded to the WCAB for proceedings consis-
tent with this opinion. No costs, neither party
having prevailed in full.

V. J. BRENNAN, J., concurred.

J. H. GILLIS, J. *(dissenting)*. I respectfully dissent.
At the time of the board's decision, MCL
418.801(2); MSA 17.237(801)(2) provided:

"If weekly compensation benefits, accrued weekly
benefits, medical bills, or travel allowance are not paid
within 30 days after becoming due and payable *in cases
where there is no ongoing dispute,* $50.00 per day shall
be added and paid to the worker for each day over 30
days in which the compensation, medical bills, or travel
allowance are not paid. Not more than $1,500.00 in
total may be added pursuant to this subsection." (Em-
phasis supplied.)

In *Charpentier v Canteen Corp,* 105 Mich App
700; 307 NW2d 704 (1981), *lv den* 412 Mich 887
(1981), a panel of this Court held that the 30-day
grace period provided in § 801(2) commences only
when the following two conditions are met: (1) the
benefits must be due and payable; and (2) there
must be no ongoing dispute. Writing for a unani-
mous Court, I stated in *Charpentier:*

"An award is to be considered in dispute while review

or appeal is pending and during the time periods permitted for filing a claim for review or of appeal." *Charpentier, supra,* p 705.

See, also, *Clark v General Motors Corp, Chevrolet Assembly Plant,* 117 Mich App 387; 323 NW2d 714 (1982).

In my opinion the Legislature, by limiting § 801(2) to "cases where there is no ongoing dispute", did not intend the penalty to be imposed against an employer or carrier who fails to comply with the provisions of MCL 418.862; MSA 17.237(862). The pendency of an appeal constitutes an ongoing dispute within the meaning of § 801(2). The claimant's remedy against an employer or carrier who fails to pay the 70% benefits required by § 862 is dismissal of the claim for review or the appeal. *McAvoy v H B Sherman Co,* 401 Mich 419, 461; 258 NW2d 414 (1977).

I am in agreement with the interpretation given §§ 801(2) and 862 by the board in *Perini v Chrysler Corp,* 1980 WCABO 1198, quoted by the majority. I would affirm the board's decision.