SELK v DETROIT PLASTIC PRODUCTS (ON RESUBMISSION)

KELLY v MUSKEGON COUNTY ROAD COMMISSION (ON RESUBMISSION)

FURMAN v DEPARTMENT OF CORRECTIONS (ON RESUBMISSION)

Docket Nos. 70397, 70412, 70417, 70421. Argued August 16, 1983 (Calendar Nos. 10-12).—Decided March 21, 1984.—Reported in full *ante*, p 1.—Decided on resubmission May 24, 1984.

On motions by the defendants for rehearing, the Supreme Court granted the motions and, in lieu of further briefing or oral argument, ordered the cases resubmitted for decision.

In an opinion by Justice Boyle, joined by Chief Justice Williams and Justices Ryan, Brickley, and Cavanagh, the Court said that it was persuaded that its original opinion in this case could be interpreted to mean that the date on which a workers' compensation award is made is completely determinative of the rate of interest to be applied to payments made pursuant to the award in all circumstances—an interpretation never intended by the Court—and that clarification is required.

The Legislature intended that interest on weekly workers' compensation paid pursuant to an award is to be paid at the rate of 12% per annum from the date each payment was due. The date of the award is not determinative of the rate of interest to be applied; rather, it is the date on which the payment is made that determines the rate. Where payment is made on or after January 1, 1982, interest on the amount due is computed at 12% per annum from the date the payment was due regardless of the date of the award and the date the payment was due.

The primary purpose of an effective date may be to provide a date certain for the statute's application. Given the fact that there is often a time lag between the date on which the

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 579.

Governor signs a bill and its applicability, effective dates provide notice to those who must conform their conduct to the law as specified in the enactment.

Justice Levin, joined by Justice Kavanagh, dissenting, stated that he continued to disagree with the retroactive application before January 1, 1982 of the higher rate of interest to weekly payments that became due before that date. The majority focuses on the word "was" in the phrase "from the date each payment was due", to the exclusion of the sentence, "this amendatory act shall take effect January 1, 1982". In stating that the act "shall take effect January 1, 1982", the Legislature intended that the increase in the rate of interest payable on disputed workers' compensation benefits, those that become payable following an award by a referee, the board, or a court, should become effective on January 1, 1982. Accordingly, interest accrues at the higher rate on and after, but not before, January 1, 1982. The construction of the majority substitutes "the date each [weekly] payment was due" for "January 1, 1982" as the effective date of the act, resulting in as many effective dates for the increase in the rate of interest as there are days in years yet in dispute.

## OPINION OF THE COURT

1. WORKERS' COMPENSATION — INTEREST ON AWARDS.

The date on which a past due workers' compensation payment is made determines the rate of interest to be applied to the amount of the payment; where payment is made after January 1, 1982, interest on the amount due is computed at 12% per annum from the date the payment was due, regardless of the date of the award and the date the payment was due (1981 PA 194, MCL 418.801[5]; MSA 17.237[801][5]).

## DISSENTING OPINION BY LEVIN, J.

2. WORKERS' COMPENSATION — INTEREST ON AWARDS.

*The increase in the rate of interest payable on disputed workers' compensation benefits became effective on January 1, 1982, and applies to weekly payments that would become due on or after January 1, 1982, not to weekly benefits that became due before January 1, 1982 (1981 PA 194, MCL 418.801[5]; MSA 17.237[801][5]).*

## On Resubmission

Boyle, J. On March 21, 1984, this Court issued its opinion in these consolidated workers' compensation appeals. 419 Mich 1; 345 NW2d 184 (1984). Subsequently, defendants-appellants in each case filed timely motions for rehearing. We granted those motions on May 1, 1984, and the cases were resubmitted for decision. 419 Mich 1206.

We are persuaded that our original opinion in these cases requires clarification. Some of the language in the majority opinion, specifically the language found in the conclusion, lends itself to an interpretation never intended by this Court. Both the motions for rehearing and Justice Levin's dissent suggest that under the Court's interpretation, the date of the award is completely determinative of the interest rate applicable to payments made pursuant to such an award under all circumstances.[1]

Such an interpretation is not consistent with our reasoning in the original opinion, and we granted the motions for rehearing in order to clarify any language which could be read to stand for such an application.

We reaffirm the rationale of the original opinion. We remain convinced that the Legislature intended 1981 PA 194 to award interest at 12% from the date each payment "was due". Thus, "[w]hen weekly compensation *is paid* pursuant to an award * * * interest on the compensation shall be paid at the rate of 12% per annum from the date each payment *was due*". 1981 PA 194 (emphasis added).

The date of the award is not determinative

---

[1] Specifically, it has been suggested that under our interpretation, where an award was entered before January 1, 1982, interest accrues at 5% on *all* payments, even those which became due and payable on or after January 1, 1982.

under this interpretation, and any suggestion to the contrary in our original opinion was inadvertent and should be disregarded. Rather, it is the date of payment which triggers the application of the 12% rate.

Where an employer *pays* compensation on or *after January 1, 1982*, pursuant to an award, interest on the award shall be paid at 12% from the date each payment was due.[2]

---

[2] Under this rule, neither the date of the award nor the due date of the payment is determinative of the applicable interest rate. Rather, the focus is on when the compensation is paid. If payment is made on or after January 1, 1982, interest is computed at 12% per annum from the date payment was due, regardless of the date of the award and regardless of when the payment was due.

The dissent in the original submission and on rehearing places great emphasis on the significance of the effective date specified in 1981 PA 194 as the key to a determination of whether the Legislature intended to increase an interest rate to apply retroactively or prospectively. The dissenters chide us for failure to accord proper respect to the significance of the effective date in our construction of the statute.

When one carefully examines how the Legislature utilizes effective dates, however, it is clear that we have accorded that respect which is properly due.

Effective dates are inserted by the Legislature in all kinds of statutes. When it wishes to address the question of retroactivity, the Legislature has specifically done so *in addition to* providing for an effective date.

For example, when the Legislature passed the new rule for a claim and delivery action, in 1976 PA 79, it provided in enactment § 2 that "[t]his amendatory act shall apply to all actions pending or commenced on or after the effective date of this act". Enactment § 3 of the same statute provided: "This amendatory act shall take effect July 1, 1975". Because the Legislature in connection with other statutes in enactment sections has specifically addressed retroactivity in addition to providing an effective date, we are unable to agree that the mere insertion of an effective date, standing alone, is dispositive of the prospective/retroactive effect of 1981 PA 194.

The primary purpose of an effective date may be to provide a date certain for the statute's application. Given the fact that there is often a time lag between the date on which the Governor signs a bill and its applicability, effective dates provide notice to those who must conform their conduct to the law as specified in the enactment.

The minority suggests that we have ignored the significance of the effective date in 1981 PA 194. However, we have not ignored it, although we disagree with the minority concerning its significance. Properly construed, the effective date indicates that the amendatory statute applies on or after January 1, 1982. It says nothing about

To the extent that it is consistent with this clarification, the judgment of the Court of Appeals is affirmed. We are not persuaded that the other issues raised in the motions for rehearing merit further statement by this Court. We remand these cases to the WCAB for computation of interest in accordance with the rule expressed in this opinion.

WILLIAMS, C.J., and RYAN, BRICKLEY, and CAVANAGH, JJ., concurred with BOYLE, J.

LEVIN, J. *(dissenting)*. 1981 PA 194 increased from 5% to 12% per annum the interest on workers' compensation benefits payable pursuant to an award of a hearing referee, the Workers' Compensation Appeal Board, or a court. This Court has granted rehearing[1] on the question whether and to what extent workers' compensation weekly payments that were due and payable before, on, or after January 1, 1982, the effective date of Act 194, bear interest at the higher rate.

In its opinion on the original submission of this cause, the majority stated that "we conclude that where an employer pays compensation pursuant to an *award* of a hearing referee, the WCAB, or a court which is *entered after January 1, 1982,* interest shall be paid at 12% from the date each payment was due". *Selk v Detroit Plastic Products,* 419 Mich 1, 15; 345 NW2d 184 (1984). (Emphasis supplied.) Read literally, this would have meant

retroactivity. Therefore, it is not inconsistent to say that when interest on compensation is paid on or after January 1, 1982, the statute applies and the interest is computed at a rate of 12% per annum.

[1] On May 1, 1984, this Court granted defendants' motions for rehearing in all three cases and ordered the cause "resubmitted for decision without further briefing or oral argument", 419 Mich 1206 (1984).

that, even after January 1, 1982, interest would accrue on a pre-January 1, 1982 award at 5%.[2]

The majority now modifies its earlier opinion to eliminate the limitation that the higher interest rate is payable only if the *award* is entered on or after January 1, 1982, and substitutes a "limitation" that the higher interest rate is payable only if the award is *paid* after January 1, 1982. However, because Act 194 was approved December 30, 1981, only two days before the January 1, 1982 effective date,[3] the majority's construction makes the higher interest rate fully retroactive in every pending case. The specific January 1, 1982 effective date thus becomes no limitation at all.

We adhere to the view that interest accrues at the higher rate on and after, but not before,

---

[2] "Neither the date of the award nor the date of payment has any homology with the date the change in interest rate becomes effective. The decision of the majority to make the date of the award determinative of entitlement to an increase in the interest rate will produce asymmetric and adventitious results.

"The amendatory act provides that interest is payable at 12% from the date each payment is due when 'compensation is paid pursuant to *an award of* a hearing referee, the board, or a court'. (Emphasis supplied.)

"Most awards are 'awards of' a hearing referee or the WCAB. It is rare for a court to make or enter an award. Also, although the WCAB may, as in *Kelly,* award compensation denied by a hearing referee, that is the exception. Ordinarily, as in *Selk* and *Furman,* a hearing referee's award is affirmed by the WCAB. A determination by the WCAB is left undisturbed when the Court of Appeals, or both the Court of Appeals and this Court, deny leave to appeal or affirm the WCAB after a grant of leave to appeal. It is unusual for a court to award compensation.

"It appears, under the majority construction stating a pre-January 1, 1982 award limitation, that where an award was entered before January 1, 1982, and an appeal was thereafter taken that is still pending, interest will accrue at 5%—during the 2-1/3 years or longer the appeal has been pending—on weekly installments that have or shall become due and payable on or after January 1, 1982." *Selk v Detroit Plastic Products, ante,* pp 21-22 (LEVIN, J., *dissenting).*

[3] The text of Act 194 is set forth in its entirety in fn 1 of the dissenting opinion in *Selk v Detroit Plastic Products,* 419 Mich 1, 15; 345 NW2d 184 (1984) (LEVIN, J., *dissenting).*

January 1, 1982, on weekly payments of workers' compensation that became or become due before, on, or after January 1, 1982, without regard to the date of award or payment.[4] We therefore agree with the Court's modification of its earlier opinion insofar as it eliminates the limitation in its opinion on the original submission based on the date of the award, but disagree with the substitution of a date of payment limitation. We continue to disagree with the retroactive application before January 1, 1982 of the higher interest rate.

## I

Before Act 194, interest was payable at 5% per annum pursuant to this Court's decision in *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960).

Act 194, in pertinent part, contains two sentences. The first sentence added a new subsection (5) to § 801[5] of the workers' compensation act reading as follows:

---

[4] "The question presented is whether and to what extent workers' compensation weekly payments that were due and payable before, on, or after January 1, 1982, the effective date of 1981 PA 194, which increased the interest rate on payments paid pursuant to an award from 5% to 12% per annum, bear interest at the higher rate.

"The majority holds that the increase in interest rate is fully retroactive to the date each weekly payment was due *if* the compensation is paid pursuant to an award of a hearing referee, the WCAB, or a court 'entered after January 1, 1982'." (Emphasis in the original.)

"We would hold (i) that weekly payments that were due and payable *before* January 1, 1982, bear interest at 5% until December 31, 1981, and thereafter bear interest at 12% until paid whether or not the award was entered before, on, or after January 1, 1982, and (ii) that weekly payments that became or become due and payable *on or after* January 1, 1982, bear interest at 12% until paid even though the award was entered before January 1, 1982." *Selk v Detroit Plastic Products, ante,* pp 15-16 (LEVIN, J., *dissenting).* (Emphasis in the original.)

[5] MCL 418.801; MSA 17.237(801).

"(5) When weekly compensation is paid pursuant to an award of a hearing referee, the board, or a court, interest on the compensation shall be paid at the rate of 12% per annum from the date each payment was due, until paid."

The second sentence stated a specific effective date: "This amendatory act shall take effect January 1, 1982".

The majority on the original submission and again on rehearing focuses on the use of the word "was" in the first sentence of the amendatory act to the exclusion of any meaningful consideration of the words "shall take effect January 1, 1982" in the second sentence. Because the first sentence of the amendatory act states that the increased rate applies "from the date each weekly payment *was* due" (emphasis supplied), the majority has concluded that the increased rate of interest is fully retroactive to weekly payments that became due before January 1, 1982.

On the original submission, the majority stated that Act 194 "was unambiguously intended to award interest from the date payment 'was due' ". *Selk v Detroit Plastic Products, ante,* p 8. We observed in dissent on the first submission that "[i]n using the word 'was' in the amendatory act, stating that interest shall be paid at the 12% rate 'from the date each payment *was* due, until paid' (emphasis supplied), the Legislature was apparently expressing the proper time relationship between the date on which the right to the payment arose and the subsequent date that payment pursuant to an award would be made. Because interest, when payable at all, is always payable for the period between the date the substantive right to payment accrues and the date interest is awarded or is paid, interest is in a sense inherently retroac-

tive. The use of 'was' expresses that inherent characteristic of interest." *Selk v Detroit Plastic Products, ante,* p 25 (LEVIN, J., *dissenting*).

The majority further stated on the first submission that the amendatory act was "plain, certain, and unambiguous * * * and requires application, not interpretation". *Selk v Detroit Plastic Products, ante,* p 8. The Workers' Compensation Appeal Board and the Court of Appeals had stated a January 1, 1982 *award* limitation.[6] Today, the majority states that "[t]o the extent that it is consistent with this clarification, the judgment of the Court of Appeals is affirmed".[7] In today opting for a conclusion that differs from its own conclusion on the original submission and the conclusion of the WCAB and the Court of Appeals regarding the meaning of the January 1, 1982 effective date, the majority has "to that extent" demonstrated that, insofar as the rationale of the majority opinion on the original submission was based on the view that the words of Act 194 were so clear as to "require application, not interpretation", a new rationale is required to justify the "was" analysis. None is offered. The majority simply asserts its "conviction" that the Legislature intended that interest be paid at the higher rate from the date each weekly payment "was due".

## II

The majority states that it "reaffirm[s] the rationale of the original opinion. We remain convinced that the Legislature intended 1981 PA 194 to award interest at 12% from the date each payment 'was due' ".

---

[6] See *Selk v Detroit Plastic Products, ante,* p 23.

[7] *Ante,* p 36.

Manifestly, the 12% rate—where applicable at all—is applicable from the date each payment "was due". That is what Act 194 states. That indisputable proposition does not answer the question presented, namely whether the 12% rate, applicable "from the date each payment was due", is applicable

(1) only to weekly payments that become payable pursuant to an *award* made after January 1, 1982—the majority's decision on the original submission; or

(2) only to weekly payments *paid* on or after January 1, 1982—the majority's decision on rehearing; or

(3) only to interest accruing on or after January 1, 1982—as we would hold.

Both majority opinions focus on the first ("from the date each payment was due") sentence and essentially ignore the second ("shall take effect January 1, 1982") sentence.

The focus and the analysis should, in our opinion, center on the second ("shall take effect January 1, 1982") sentence. That is the sentence that concerns, or at least largely governs, whether and to what extent the increase in interest rate applies to weekly payments that were due before January 1, 1982.

In stating that "[t]his amendatory act shall take effect January 1, 1982", the Legislature has, we think, indicated its intention that the increase in interest rate shall become effective on January 1, 1982. The subject matter of the amendatory act is the rate of interest payable on disputed workers' compensation benefits, those that become payable following an award of compensation by a referee, the board, or a court. The purpose of the amendatory act is to increase the interest rate on such

payments from 5% to 12% per annum. The pur-
pose of the January 1, 1982 effective date is to
state when the increase from 5% to 12% shall
become effective. The words "[t]his amendatory act
shall take effect January 1, 1982" thus mean that
the increase in the interest rate shall become
effective on January 1, 1982, and not before that
date. Accordingly, interest accrues at the higher
rate on and after, but not before, January 1, 1982.

The date of payment will always follow the date
of the award. Neither the date of payment nor the
date of the award has any relationship to the date
the weekly payment "was due". Nor is the date of
payment or award related to the apparent legisla-
tive purpose to increase the interest rate effective
January 1, 1982, and not before. The injection of
the dates of award and payment into the analysis
serves no purpose other than to provide an appear-
ance of giving some meaning to the January 1,
1982 effective date.

### III

The opinion of the majority on the original
submission stated that the increased interest rate
applies only to *awards* made after January 1, 1982,
and now, on rehearing, the opinion of the majority
states that the increased rate applies only to *pay-
ments* made after January 1, 1982.

Although the majority opinions thus obliquely
recognize that the January 1, 1982 effective date is
a limitation on the retroactivity of the higher rate
of interest, the majority states no reason for con-
cluding that the January 1, 1982 effective date was
not meant to preclude retroactive application be-
fore January 1, 1982 of the higher rate. The
majority merely reiterates the indisputable propo-
sition that, where the 12% rate is applicable,

interest is to be computed from the date the payment "was due".

The majority's preoccupation with the word "was" is so complete that the opinion on the original submission did not explain why the majority thought the higher interest rate applied only to weekly payments pursuant to an *award* made on or after January 1, 1982, and it now finds no need to explain why it has concluded that the January 1, 1982 effective date relates to the date of *payment* and not the date the increase in interest rate should become effective. The majority simply states, without discussion, that "it is the date of payment which triggers the application of the 12% rate".[8] There is no recognition or acknowledgment that, because Act 194 was approved only two days before January 1, 1982,[9] this construction is tantamount to holding that the specific January 1, 1982 effective date has no meaning.

So construed, the higher interest rate provided in the amendatory act—which by its terms applies only where compensation is paid pursuant to an award and hence following a dispute—is fully retroactive in every case pending on January 1, 1982, and thus without, as a practical matter, any meaningful January 1, 1982 effective date limitation.

We observed in dissent on the first submission, "[t]o limit the meaning of the January 1, 1982 effective date language so that it serves only to deny retroactivity of the 12% interest rate where the award was *paid* before January 1, 1982, would be to deny the effective date language of meaning.[18] It would mean that the effective date language affects only an award—if there is such an

---

[8] *Ante,* p 35.

[9] See text accompanying fn 2.

award—paid after the Governor signed the amendatory act on December 30 and before the close of business the following day, December 31, 1981, where, despite payment, the issue is still open, pending on appeal, or under a reservation of rights.[19]

---

"[18] There is not likely to be a case where the award was entered before January 1, 1982, and was subsequently paid and is nevertheless presently pending on appeal.

"[19] The effective date language was not needed to deny retroactivity to cases that had been closed by payment before the amendatory act became law. Surely, even absent a specific effective date, this Court would hold that interest did not accrue either at the old or the increased rate where the award had been paid—whether a day, or a month, or years—before December 30, 1981, when the amendatory act became law."

---

*Selk v Detroit Plastic Products, ante,* pp 23-24 (LEVIN, J., *dissenting).* (Emphasis supplied.)

The legislative purpose in providing a specific future effective date was to indicate when the increase in interest rate would take effect and to indicate that it would not be retroactive or at least that it would not be fully retroactive. The majority construction, making the increase fully retroactive in every pending case, thwarts the legislative purpose. Although the Legislature has, by establishing the specific future effective date, indicated that the increase in interest rate was not to become effective before January 1, 1982, the Court makes the increase effective before that date, to weekly payments that became due in the instant cases over three and five years before the January 1, 1982 effective date, and even earlier in some other cases that await the final decision in this case.

The majority's construction substitutes "the date each [weekly] payment was due" for "January 1, 1982" as the effective date of the amendatory act.

In *Kelly* and *Furman,* where the injury occurred in 1976, over 250 weekly payments became due before January 1, 1982, and in *Selk,* where the injury occurred in 1978, over 150 weekly payments became due before that date.[10] There are, thus, under the majority's construction, as many effective dates for the 7% increase (from 5% to 12%) in the interest rate as there are days in years yet in dispute, over 250 different dates in *Kelly* and *Furman* and over 150 different dates in *Selk.*

IV

In closing, we repeat that on review of the case law from this and other jurisdictions, "[t]he majority's holding that a statute increasing the prejudgment/award interest rate is effective as to interest that accrued *before* the effective date of the amendatory act appears to be unique". (Emphasis in the original.)[11]

We also again state that "[t]he Legislature generally indicates, by stating a specific effective date, its intent that amounts payable for prior periods shall not be affected by an increase in benefits, taxes, or other governmentally mandated assessments. The Legislature did just that in the instant case in recognition that a change in a governmental benefit program requiring additional funding should not ordinarily be retroactive".[12]

The Legislature decided, we are persuaded, that the increase in interest rate would not be retroactive, and that it would be effective only as to

[10] In each case there are now almost 250 weekly payment dates since January 1, 1982.

[11] *Selk v Detroit Plastic Products, ante,* pp 29-30 (LEVIN, J., *dissenting*).

[12] *Id.,* pp 30-31 (LEVIN, J., *dissenting*).

interest accruing on or after January 1, 1982.[13] We
accordingly adhere to the view "(i) that weekly
payments that were due and payable *before* January 1, 1982, bear interest at 5% until December
31, 1981, and thereafter bear interest at 12% until
paid whether or not the award was entered before,
on, or after January 1, 1982, and (ii) that weekly
payments that became or become due and payable
*on or after* January 1, 1982, bear interest at 12%

---

[13] The majority in fn 2 states that the January 1, 1982 effective date
"says nothing about retroactivity". In support, the majority states
that a purpose of an effective date is to provide notice to those who
must conform their conduct to the new law. Since the time lag
between the date of approval of Act 194 and the effective date was
only two days, that could not have been the purpose in the instant
case. In all events, such a purpose is not inconsistent with the stated
purpose of providing when the act shall become effective and, hence,
that it is not theretofore effective.

In further support of its contention that the effective date "says
nothing about retroactivity", the majority refers to 1976 PA 79,
where, in an act approved April 12, 1976, the Legislature both
included a specific effective date of July 1, 1975 and, in a separate
sentence, stated that "this amendatory act shall apply to all actions
pending or commenced on or after the effective date of this act." The
majority concludes therefrom that "[w]hen it wishes to address the
question of retroactivity, the Legislature has specifically done so *in
addition to* providing for an effective date". (Emphasis in the original.)
In 1976 PA 79, however, the specific effective date was nine and one-
half months *before* the date the act was approved; thus, the act was,
by the terms of its effective date, retroactive. The separate statement
concerned the extent of the retroactivity and spelled out that the
amendatory act applied to actions commenced before, and thus "pend-
ing" on, the effective date as well as to actions commenced on or after
that date.

The separate statement concerning retroactivity in the cited 1976
act is understandable in light of this Court's statements that "statutes
are presumed to operate prospectively unless the contrary intent is
clearly manifested. *In re Davis Estate,* 330 Mich 647, 651-653; 48
NW2d 151 (1951)." *Selk v Detroit Plastic Products, ante,* p 9. The
separate statement in the 1976 act does not, however, support the
view that in order to bar this Court from giving an act retroactive
effect the Legislature should both provide a specific effective date and
state separately that the act shall *not* become effective before that
date. Nor does it support the view that, in the absence of such a
statement, the operative effect of an amendatory act may be fully
retroactive before its specific effective date.

until paid even though the award was entered before January 1, 1982."[14]

KAVANAGH, J., concurred with LEVIN, J.

[14] *Selk v Detroit Plastic Products, ante,* pp 15-16 (LEVIN, J., *dissenting*). (Emphasis in the original.)