## MAGLOTHIN v TRYCO STEEL CORPORATION

Docket Nos. 72599, 72682. Submitted March 14, 1984, at Detroit.— Decided September 18, 1984.

Cecil A. Maglothin, an employee of Tryco Steel Corporation, was injured on the job in 1976. Tryco and its workers' compensation insurance carrier, Great American Insurance Company, paid general disability weekly compensation benefits to Maglothin. In 1979, Maglothin filed a petition for hearing with the Bureau of Workers' Disability Compensation seeking differential benefits from the Second Injury Fund. A hearing referee denied the claim for differential benefits. Maglothin appealed to the Workers' Compensation Appeal Board. During the pendency of that appeal, the Legislature created a Compensation Supplement Fund. Maglothin requested that Tryco and Great American pay him a compensation supplement during the pendency of the appeal. Tryco and Great American, upon advice of the Bureau of Workers' Disability Compensation that no compensation supplement is due while a case is pending before the WCAB, denied the request. Maglothin petitioned for a hearing contesting Tryco's and Great American's denial of his request for the compensation supplement. The hearing referee held that, because there was no ongoing dispute as to Maglothin's entitlement to general disability weekly compensation benefits, Tryco and Great American were required to pay the supplement pending the WCAB appeal. The referee also found that there was an ongoing dispute for purposes of the statute providing a penalty for nonpayment of benefits where there is no ongoing dispute and declined to impose any penalty payment for Tryco's and Great American's earlier refusal to pay the compensation supplement. Maglothin appealed that decision to the WCAB, which consolidated the appeal with the earlier pending one and ruled that Maglothin was entitled to differential benefits and

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Workmen's Compensation § 658.
[1, 4, 5] 82 Am Jur 2d, Workmen's Compensation §§ 476, 635.
  Tort liability of worker's compensation insurer for wrongful delay or refusal to make payments due. 8 ALR4th 902.
[3] 82 Am Jur 2d, Workmen's Compensation § 579.

imposed a penalty on Tryco and Great American for failure to timely pay the compensation supplement pending the first WCAB appeal. Tryco and Great American appeal, challenging the WCAB's finding that a late payment penalty was due for their failure to timely pay the supplement pending the appeal. The Second Injury Fund appeals, contending that differential benefits are limited by the two-year-back rule and that the WCAB erred in applying the 12% statutory interest rate to payments which became due prior to the effective date of the statute. The appeals have been consolidated. *Held:*

1. The WCAB erred in imposing the late payment penalty because there was an ongoing dispute as to Maglothin's right to receive the supplement.

2. The WCAB erred in failing to apply the two-year-back rule under the facts of this case. The case is remanded to the WCAB for calculation of differential benefits applying the two-year-back rule.

3. The WCAB correctly applied the 12% interest rate to payments which became due prior to the effective date of the statute providing for that interest.

Affirmed in part, reversed in part and remanded.

Hood, P.J., concurred in part and dissented in part. He dissented from that part of the majority opinion that finds Maglothin not entitled to the late payment penalty because there was an ongoing dispute as to his right to receive the supplement. He would hold that there was an ongoing dispute only as to Maglothin's entitlement to differential benefits, not to the compensation supplement, and that Maglothin was entitled to the supplement. He would also hold that the WCAB was correct in assessing the penalty for late payment of the supplement. In all other respects, he concurred with the majority opinion.

## Opinion of the Court

1. Workers' Compensation — Compensation Supplement — Differential Benefits — Appeal.

It was error for the Workers' Compensation Appeal Board to impose a penalty for a defendant's failure to pay compensation supplement benefits while the plaintiff's appeal from the denial by a Bureau of Workers' Disability Compensation referee of differential benefits was pending where the plaintiff's right to receive the supplement benefits could not be determined until his eligibility for differential benefits was resolved (MCL 418.801[2]; MSA 17.237[801][2]).

2. Workers' Compensation — Late Payment of Benefits — Penalties.

An ongoing dispute as to one aspect of an employee's claim for workers' compensation benefits will not bar imposition of a penalty for late payment of other unrelated categories of benefits.

3. Workers' Compensation — Interest on Awards.

The date on which a past due workers' compensation payment is made determines the rate of interest to be applied to the amount of the payment; where payment is made after January 1, 1982, interest on the amount due is computed at 12% per annum from the date the payment was due, regardless of the date of the award and the date the payment was due (MCL 418.801[5]; MSA 17.237[801][5]).

Partial Concurrence and Partial Dissent by Hood, P.J.

4. Workers' Compensation — Compensation Supplement — Failure to Pay Supplement — Penalty.

*The Workers' Compensation Appeal Board did not err in imposing a penalty for a defendant's failure to pay a compensation supplement while the plaintiff's appeal from the denial by a Bureau of Workers' Disability Compensation referee of differential benefits was pending where there was no ongoing dispute as to the plaintiff's entitlement to general benefits (MCL 418.801[2]; MSA 17.237[801][2]).*

5. Workers' Compensation — Compensation Supplement — Failure to Pay Supplement — Good Faith Defense.

*Good faith reliance upon a Compensation Supplement Fund directive is no defense to the imposition of a penalty for nonpayment of a compensation supplement where a recipient of general workers' compensation benefits was entitled to the supplement; deliberate nonpayment is not required for the imposition of a penalty (MCL 418.801[2]; MSA 17.237[801][2]).*

*Charles G. Gale,* for plaintiff.

*Thaddeus A. Gorny,* and *Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* of counsel, for Tryco Steel Corporation and Great American Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for Second Injury Fund, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Compensation Supplement Fund.

Before: HOOD, P.J., and V. J. BRENNAN and P. E. DEEGAN,* JJ.

PER CURIAM. Plaintiff was injured at work on September 28, 1976, when the deck of a parking garage on which he was working collapsed, causing plaintiff to fall onto a steel rod. Tryco Steel and Great American Insurance Company (defendants), paid general disability weekly compensation benefits pursuant to the Worker's Disability Compensation Act. On May 4, 1979, plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation (bureau) claiming that he had suffered total and permanent industrial loss of use of both legs and seeking differential benefits from the Second Injury Fund pursuant to MCL 418.521(2); MSA 17.237(521)(2).

The hearing referee denied the claim for differential benefits. Plaintiff appealed from the decision to the Workers' Compensation Appeal Board (WCAB). While the appeal was pending, the Legislature created within the bureau a Compensation Supplement Fund (CSF), from which employers or insurers are reimbursed for compensation supplement benefits paid pursuant to MCL 418.352; MSA 17.237(352).[1] Plaintiff's request of defendants to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 418.352; MSA 17.237(352) established the right of employees receiving compensation benefits under MCL 418.351; MSA 17.237(351) to be paid a supplement based on the employee's weekly compensation rate. The insurer or self-insurer is responsible to pay the supplement and is entitled to reimbursement for the payments from the CSF. The CSF, established in MCL 418.391; MSA 17.237(391), is financed by legislative appropriation from general tax revenues of the state.

pay the compensation supplement during pendency of the WCAB appeal was denied upon advice from the bureau that no compensation supplement is due while a case is pending before the WCAB.

Plaintiff petitioned for a Rule V hearing contesting defendants' refusal to pay the compensation supplement pending the WCAB appeal. The referee held that, since there was no ongoing dispute as to plaintiff's entitlement to general disability weekly compensation benefits, defendants were required to pay the supplement pending the WCAB appeal.[2] However, the referee found that there was an ongoing dispute within the meaning of MCL 418.801(2); MSA 17.237(801)(2) and therefore declined to impose any penalty payment for defendants' earlier refusal to pay the compensation supplement.

Plaintiff appealed from the referee's denial of the late payment penalty to the WCAB. That appeal and plaintiff's earlier appeal from the denial of differential benefits were consolidated. On June 15, 1983, the WCAB issued a decision holding that plaintiff had sustained the loss of industrial use of both legs and was therefore entitled to differential benefits and, further, imposed a penalty on defendants for failure to timely pay the compensation supplement pending the first WCAB appeal. Both defendants and the Second Injury Fund appeal. Defendants challenge the WCAB's finding that a late payment penalty was due for defendants' failure to timely pay the supplement benefits pending the appeal. The Second Injury Fund does not contest the WCAB's finding as to plaintiff's eligibility for differential benefits, but contends (1) that such differential benefits are

[2] The WCAB appeal involved only plaintiff's claim for differential benefits. Defendants have not contested plaintiff's right to general weekly disability compensation benefits.

limited by the two-year-back rule of MCL
418.381(2); MSA 17.237(381)(2) and (2) that the
WCAB erred in applying the 12% interest rate
established in MCL 418.801(5); MSA 17.237(801)(5)
to payments which became due prior to the effec-
tive date of the statute.

I

We first consider whether the WCAB erred in
imposing a penalty under § 801(2) for defendants'
failure to pay the compensation supplement bene-
fits while plaintiff's appeal from the denial of
differential benefits was pending.

MCL 418.801(2); MSA 17.237(801)(2) provides:

"If weekly compensation benefits, accrued weekly
benefits, medical bills, or travel allowance are not paid
within 30 days after becoming due and payable in cases
where there is not an ongoing dispute, $50.00 per day
shall be added and paid to the worker for each day over
30 days in which the benefits, medical bills, or travel
allowance are not paid. Not more than $1,500.00 in
total may be added pursuant to this subsection."

The WCAB held:

"There was no dispute regarding plaintiff's entitle-
ment to weekly benefits, including the supplement.
Defendant's failure to pay same in a timely manner,
even though based on a good faith belief the supple-
ment was not due, is sufficient to warrant application of
the penalty. The ongoing dispute regarding total and
permanent disability has no bearing on the undisputed
weekly benefit and supplement entitlement to preclude
the penalty application. *Perry v Sturdevant Mfg Co*
[124 Mich App 11; 333 NW2d 366 (1983)]."

Defendants and the CSF contend that the sup-
plement is not a "weekly compensation benefit"

within § 801(2) and that the penalty provision therefore does not apply. While this Court finds merit to the arguments advanced by defendants and the CSF in support of that position, we need not presently decide the question. We find that even if § 801(2) applies to late payment of the supplement benefits, the penalty was improperly imposed in this case because there was an "ongoing dispute" as to plaintiff's right to receive the supplement benefits.

Section 352 provides that employees receiving maximum benefits under § 351 are entitled to a supplement based on the recipient's weekly compensation rate. Section 352(5) states:

"An employee who is eligible to receive differential benefits from the second injury fund shall be paid the supplement pursuant to this section *as reduced by the amount of the differential payments being made to the employee by the second injury fund at the time of the payment of the supplement pursuant to this section.*" (Emphasis supplied.)

It is true that an ongoing dispute as to one aspect of an employee's claim for benefits will not bar imposition of a penalty for late payment of other unrelated categories of benefits. See *Perry v Sturdevant Mfg Co,* 124 Mich App 11; 333 NW2d 366 (1983). Relying on *Perry, supra,* the WCAB found that there was no ongoing dispute as to weekly benefits, including the compensation supplement, since the pending appeal involved only differential benefits. However, the above quoted statute makes clear that an employee's right to the compensation supplement is directly affected by the amount of differential benefits he or she receives. This is precisely why the CSF advised defendants that payment of the supplement was

not due until the issue of differential benefits had been resolved by the WCAB.[3] Inasmuch as plaintiff's right to receive the supplement could not be determined until his eligibility for differential benefits was resolved, we find that the pending WCAB appeal of the denial of differential benefits was an ongoing dispute as to the supplement. The WCAB erred in imposing a penalty under § 801(2).

## II

The Second Injury Fund also appeals from the WCAB's decision. The Second Injury Fund does not contest the award of differential benefits, but asserts that the WCAB erred in failing to apply the two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2).[4] Plaintiff concedes that the two-year-back limitation is applicable to the instant case, and we so hold. The case is therefore remanded to the WCAB for calculation of differential benefits applying § 381(2).

The Second Injury Fund finally contends that the WCAB erred in applying the 12% interest rate established in MCL 418.801(5); MSA 17.237(801)(5) to payments which became due prior to the effective date of the statute, January 1, 1982. The Second Injury Fund's argument was rejected by the Michigan Supreme Court in *Selk v Detroit*

[3] According to the CSF's appellate brief, the CSF has adopted a new policy providing for payment of the compensation supplement pending a determination of the employee's entitlement to differential benefits. The CSF reimburses the employer or insurer pursuant to § 391 prior to a final determination of the employee's right to differential benefits. If the employee qualifies for differential benefits, the Second Injury Fund reimburses the CSF for any overpayment of the supplement pursuant to § 352(5).

[4] MCL 418.381(2); MSA 17.237(381)(2) provides:

"If any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed an application for a hearing with the bureau."

*Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984), *clarified on resubmission* 419 Mich 32; 348 NW2d 652 (1984).[5]

The WCAB's imposition of a penalty under MCL 418.801(2); MSA 17.237(801)(2) for late payment of the compensation supplement benefits is reversed. The case is remanded for recalculation of differential benefits limited by the two-year-back provision of MCL 418.381(2); MSA 17.237(381)(2).

Affirmed in part, reversed in part and remanded.

HOOD, P.J. *(dissenting in part and concurring in part).* I must respectfully dissent from that part of the majority opinion that finds the plaintiff was not entitled to a § 352 supplement because there was an "ongoing dispute" as to plaintiff's right to receive the supplement. At no time did plaintiff's employer contest plaintiff's right to receive general benefits. Section 352(1), MCL 418.352(1); MSA 17.237(352)(1), mandates the payment of a supplement to plaintiff, "Beginning January 1, 1982, an employee receiving or entitled to receive benefits * * * *shall be entitled to a supplement* to weekly compensation". (Emphasis added.) Defendants do not argue that plaintiff is not entitled to supplements under this provision. Rather, defendants argue that because there remained an ongoing dispute as to plaintiff's entitlement to *differential benefits,* the employer need not have paid the supplement. In *Perry v Sturdevant Mfg Co,* 124 Mich App 11, 17; 333 NW2d 366 (1983), this Court said that the penalty provision applies where the

---

[5] The Court in *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984), *clarified on resubmission* 419 Mich 32; 348 NW2d 652 (1984), held that where an employer pays compensation on or after January 1, 1982, interest on the award shall be paid at 12% from the date each payment is due. 419 Mich 35.

"ongoing dispute", MCL 418.801(2); MSA 17.237(801)(2), involves benefits in a "different category". Therefore, because plaintiff's entitlement to general benefits and the supplement to those benefits was not disputed, he should have received them. Section 352(5), upon which defendants rely, does not change this result. That section merely alters the calculation of the supplemental benefit by subtracting the differential benefit amount from total benefits before calculating the supplement. Subsection (5) does not alter the fact that subsection (1) mandates the payment of a supplement in addition to plaintiff's general benefits.

Because I find that plaintiff was entitled to the § 352(1) supplement, I address the issue of whether the § 801 penalty provision applies, MCL 418.801(2); MSA 17.237(801)(2). Defendant Tryco argues that it withheld paying plaintiff the supplement benefits in good faith reliance upon a CSF directive. I would follow *Perry, supra,* p 19, "No good faith defense is provided; deliberate nonpayment is not required for the imposition of a penalty". I would affirm the WCAB's assessment of a § 801(2) penalty.

In all other respects I concur with the majority opinion.