GUSLER v FAIRVIEW TUBULAR PRODUCTS

Docket No. 43105. Submitted June 6, 1979, at Grand Rapids.—Decided July 17, 1979.

Karen V. Gusler was injured in the course of her employment at Fairview Tubular Products and received workmen's compensation benefits in the amount of $64 per week from Farm Bureau Insurance Group, the workmen's compensation insurer for Fairview. Gusler petitioned the Workers' Disability Compensation Bureau for a review of her benefits, and an administrative law judge determined that she should receive $96 per week, the statutory minimum for an injured employee with two dependents. The Worker's Compensation Appeal Board affirmed the higher rate of compensation and Fairview and Farm Bureau appeal by leave granted. *Held:*

Minimum rates of compensation under the Worker's Disability Compensation Act are adjustable in accordance with the increase or decrease in the average weekly wage in the covered employment as determined by the Employment Security Commission and the adjustment of Gusler's compensation to accord with the current minimum rate was proper.

Affirmed.

WORKMEN'S COMPENSATION — RATE OF COMPENSATION — MINIMUM COMPENSATION — STATUTES.

Minimum, as well as maximum, rates of compensation established by the Worker's Disability Compensation Act are adjustable once each year in accordance with the increase or decrease in the average weekly wage in the covered employment as determined by the Employment Security Commission (MCL 418.355; MSA 17.237[355]).

*Rensberry & Foster, P.C.,* for plaintiff.

*Davidson, Breen & Doud, P.C.,* for defendants.

REFERENCES FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 368, 369.
Changes in cost of living or in purchasing power of money as affecting damages for personal injuries or death. 12 ALR2d 611.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

PER CURIAM. Defendants appeal by leave granted a determination of the Workmen's Compensation Appeal Board awarding plaintiff $96 weekly in benefits pursuant to the provisions of MCL 418.355; MSA 17.237(355). Working fulltime plaintiff had an average gross earning of $96 per week prior to her work-related disability.

On appeal defendants contend they are only liable to plaintiff to the extent of $64 per week or two-thirds of plaintiff's wage loss, which is the amount they had been paying.

Defendants take exception to this Court's decision in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), *lv den* 391 Mich 780 (1974), and ask us to repudiate same.

The above we decline to do. Defendants' remedy, if any, lies with the Legislature and not this Court.

Affirmed. No costs, interpretation of a statute being involved.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.