RILEY v NORTHLAND GERIATRIC CENTER

Docket No. 75802. Argued March 6, 1986 (Calendar No. 14). Decided August 7, 1986.

Geneva Riley was awarded workers' compensation benefits for injuries arising out of and in the course of her employment with Northland Geriatric Center, and minimum weekly benefits were paid with the provision that they be adjusted annually. Following a decision by the Supreme Court that the annual adjustment provision of the workers' compensation act applied only to maximum benefits, a hearing referee reduced the plaintiff's benefits. The Workers' Compensation Appeal Board reversed, concluding that the doctrine of res judicata barred the reduction. The Court of Appeals, SHEPHERD, P.J., and MACKENZIE and NICOLICH, JJ., affirmed, holding that the Supreme Court decision relied upon by the referee was not precedent because rehearing was granted in that case and the case was subsequently dismissed by stipulation of the parties, rendering the decision a nullity (Docket No. 75937). The defendants appeal.

In an opinion by Justice RILEY, joined by Justices BRICKLEY, CAVANAGH, and BOYLE, the Supreme Court *held:*

An opinion of the Supreme Court becomes precedent, binding on intermediate appellate and trial courts, at the time the signed opinion is filed with the Clerk of the Supreme Court unless otherwise provided in the opinion. While a grant of a *motion for rehearing postpones an order of judgment as to the* litigants, absent express indication to the contrary, it does not postpone or deprive an opinion of precedential effect.

1. An opinion of the Supreme Court becomes precedent, binding upon intermediate appellate and trial courts, at the time a signed opinion is date-stamped and filed with the Clerk

REFERENCES

Am Jur 2d, Courts §§ 195, 226, 227.

Binding effect upon state courts of opinion of United States Supreme Court supported by less than a majority of all its members. 65 ALR3d 504.

Mandamus to compel state court to give effect to mandate of United States Supreme Court. 3 L Ed 2d 1565.

of the Supreme Court unless the Court specifically states that the opinion is effective at a different date. An order of judgment issued pursuant to an opinion affects only the specific parties to the litigation. Routine issuance of such an order does not affect the precedential force of an opinion.

2. The issue of when an opinion has precedential effect is separate and distinct from the question whether an order of judgment issued pursuant to the opinion is enforced or executed between the parties. An opinion is not rendered meaningless because the litigants cannot begin execution or enforcement until an order is issued. The opinion is precedent when filed and applies to everyone including the litigants. Postponement of the issuance of an order of judgment because of a grant of a motion for rehearing likewise does not postpone an opinion's precedential effect unless expressly so indicated in the order granting rehearing or by separate order.

3. The holding of the Court in *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), that the minimum workers' compensation rates prescribed in § 351(1) of the workers' compensation act are not subject to the adjustments prescribed in § 355, became binding precedent on December 30, 1981. The postponement of the issuance of an order of judgment pending rehearing and the subsequent dismissal of the appeal by stipulation of the parties applied only to the parties in *Gusler.* The holding thus applies in this case. Because the treatment of the res judicata issue in the Court of Appeals was based on the erroneous conclusion that *Gusler* was null and void, and the retroactive effect of *Gusler* was never addressed, remand to the Court of Appeals is required for consideration of the issues in light of the holding that *Gusler* is binding precedent.

Chief Justice WILLIAMS, joined by Justice ARCHER, concurred separately to state that *Gusler* was wrongly decided.

Reversed and remanded.

Justice LEVIN, writing separately, stated that minimum workers' compensation rates are not subject to adjustment under § 355 of the workers' compensation act, and that rule, announced in *Gusler,* should be held to be effective as to any payment of workers' compensation benefits after December 30, 1981.

A court speaks through its judgments, orders, or decrees, not through its opinions. Unless a judgment, order, or decree is issued adjudicating a controversy on the merits, there is no decision. Absent a decision, there is only expression of opinion and, hence, no precedent. In *Gusler,* before a judgment order was issued by the clerk pursuant to the opinions filed in the

case, an order was entered dismissing the appeal. Because no order was entered adjudicating the controversy, there was no decision by the Court, only opinions. Such opinions should be regarded upon filing as functioning as advisory opinions and as not precedentially binding under the doctrine of stare decisis until a judgment order issues.

Although *Gusler* is not precedentially binding, the Court should decide in this case that the minimum rates are not subject to adjustment, and that this rule applies to payment of benefits after December 30, 1981.

140 Mich App 72; 362 NW2d 894 (1984) reversed.

OPINION OF THE COURT

1. JUDGMENTS — SUPREME COURT — PRECEDENTIAL EFFECT — RE-HEARING.

An opinion of the Supreme Court becomes precedent, binding on intermediate appellate and trial courts, at the time the signed opinion is filed with the Clerk of the Supreme Court unless otherwise provided in the opinion; while a grant of a motion for rehearing postpones an order of judgment as to the litigants, absent express indication to the contrary, it does not postpone or deprive an opinion of precedential effect (MCR 7.317).

2. WORKERS' COMPENSATION — MINIMUM WEEKLY BENEFITS — ADJUSTMENTS.

Minimum weekly workers' compensation rates for total incapacity for work are not subject to annual adjustment for increase or decrease in the average weekly wage in covered employment (MCL 418.351, 418.355; MSA 17.237[351], 17.237[355]).

SEPARATE OPINION BY LEVIN, J.

3. JUDGMENTS — SUPREME COURT — PRECEDENTIAL EFFECT.

*Unless a judgment, order, or decree is issued in a case adjudicating a controversy on the merits, there is no decision; absent a decision, there is only expression of opinion and, hence, no precedent.*

*Bockoff & Zamler, P.C.* (by *Daryl Royal*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*) for the defendants.

Amici Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Director, Bureau of Workers' Disability Compensation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for the Second Injury Fund.

RILEY, J. We granted leave to appeal[1] in this case to consider whether *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), is a nullity in light of the subsequent grant of rehearing, 414 Mich 1102 (1982), and the ultimate dismissal of the appeal by stipulation of the parties on March 15, 1983, whether the defendant is barred by principles of res judicata from asserting a change in the law, and whether *Gusler* should be given retroactive effect.

We reverse the decision of the Court of Appeals and hold, consistent with *Gusler,* that the minimum rates cited in MCL 418.351; MSA 17.237(351) of the Workers' Disability Compensation Act are not subject to MCL 418.355; MSA 17.237(355) adjustments. Moreover, because the earlier treatment of the res judicata issue by the Court of Appeals was based on the erroneous conclusion that *Gusler* was null and void, and because the retroactive effect of *Gusler* was never addressed, we remand this case to the Court of Appeals for consideration of these issues in light of our holding that *Gusler* is binding precedent.

---

[1] On order of the Court, the application for leave to appeal is considered, and it is GRANTED.

The motions for leave to file brief amicus curiae are also considered, and they are GRANTED. [September 25, 1985.]

FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed a petition for hearing with the Department of Labor on July 15, 1980, alleging a back disability attributable to her work for defendant-employer. Following trial on that petition, the hearing referee concluded that the plaintiff had sustained a disabling injury arising out of and in the course of her employment and determined the plaintiff's weekly compensation wage in a decision dated October 6, 1981. It is alleged that no appeal was taken from this decision because the parties believed that *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), lv den 391 Mich 780 (1974), governed determination of the minimum weekly compensation rate.

However, on December 30, 1981, this Court filed its opinion in *Gusler, supra,* expressly overruling *Jolliff,* holding that the minimum weekly compensation rates in § 351 were not subject to the adjustments prescribed in § 355. As a result of *Gusler,* the defendant filed a petition for determination of rights with the bureau, seeking an order reducing plaintiff's weekly rate of compensation. In a decision and order dated May 26, 1983, the hearing referee directed the reduction of plaintiff's weekly benefits in accordance with *Gusler,* thus rejecting plaintiff's argument that res judicata barred such reduction.

Plaintiff appealed this decision to the Workers' Compensation Appeal Board, and, in a decision mailed December 8, 1983, the board reversed the referee's decision and order, holding that res judicata did in fact bar a reduction in plaintiff's workers' compensation rate.

The Court of Appeals granted defendants' application for leave to appeal on April 4, 1984, and

subsequently, in an opinion dated January 2, 1985, *Riley v Northland Geriatric Center,* 140 Mich App 72; 362 NW2d 894 (1985), affirmed the Workers' Compensation Appeal Board, holding that *Gusler* was not binding authority. The Court of Appeals opined that, inasmuch as this Court had granted a rehearing in *Gusler,* the subsequent dismissal of the appeal on the basis of the stipulation by the parties rendered that opinion a nullity. The Court of Appeals concluded by affirming the appeal board's order that interest be paid at a rate of twelve percent per annum. *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984); *Selk v Detroit Plastic Products (On Resubmission),* 419 Mich 32; 348 NW2d 652 (1984).[2]

### DISCUSSION

For purposes of this appeal, the history of the minimum rate controversy begins with the Court of Appeals opinion in *Jolliff* where the Court of Appeals held that the adjustment provisions of § 355[3] applied to both minimum and maximum

---

[2] The Court of Appeals affirmed the Workers' Compensation Appeal Board's award in favor of plaintiff of interest on benefits due but not yet paid at the rate of twelve percent per annum as opposed to five percent per annum pursuant to *Selk, supra.* The Legislature has, however, subsequent to the Court of Appeals decision, again changed the interest rate, this time from twelve percent per annum to ten percent per annum. 1985 PA 103, MCL 418.801(6); MSA 17.237(801)(6). The defendants, in their prayer for relief, have requested this Court to award any accrued payments of outstanding weekly compensation owed to plaintiff at an interest rate of ten percent per annum. However, because this is the first instance in which the defendants have requested the lower interest rate, we deny the requested relief, but do so without prejudice to the defendants' right to petition the bureau for recomputation.

[3] (1) The maximum weekly rate in each dependency classification in this act shall be adjusted once each year in accordance with the increase or decrease in the average weekly wage in covered employment, as determined by the employment security commission. The average weekly wage in covered employ-

weekly rates. Several years later, a different Court of Appeals panel affirmed the *Jolliff* opinion in *Gusler v Fairview Tubular Products,* 92 Mich App 164; 284 NW2d 487 (1979). On appeal to this Court, we ruled in *Gusler* that the minimum rates provided for in § 351[4] were not subject to the

ment determined by the employment security commission for the year ending June 30, 1967, shall be the base on which such adjustments are made.

(2) A second adjustment, if any, shall be made on January 1, 1970 and shall reflect the change, if any, between the average weekly wage for June 30, 1969 and the average weekly wage for June 30, 1968 and the adjustment shall be made in like manner on each January 1 thereafter, utilizing the average weekly wage for the preceding June 30.

(3) Adjustment for the statutory maximum rate shall be made only if there has been an increase or decrease in the average weekly wage of at least $1.50 during the preceding year, applied to the June 30, 1967, base and the director shall announce the adjustment each December 1, to become effective the following January 1. If in any year the change is less than $1.50, the director shall announce no change for the following year but the amount of change in such year shall be carried forward and added to or subtracted from subsequent annual determinations until the total change shall be at least $1.50, in which year an adjustment shall be made. There shall be an adjustment made of $1.00 in the maximum rates for each $1.50 increase or decrease in the average weekly wage. The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year. [1969 PA 317, MCL 418.355; MSA 17.237(355). See 1980 PA 357 and 1982 PA 32 for subsequent amendments.]

[4] (1) While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of ⅔ of his average weekly wages, but not more than $64.00, if such injured employee has no dependents; $69.00 if 1 dependent; $75.00 if 2 dependents; $81.00 if 3 dependents; $87.00 if 4 dependents; and $93.00 if 5 or more dependents; except as provided in section 355. Compensation shall be paid for the duration of the disability. Weekly payments shall not be less than $27.00 if there are no dependents; $30.00 if 1 dependent; $33.00 if 2 dependents; $36.00 if 3 dependents; $39.00 if 4 dependents; and $42.00 if 5 or more dependents; except as provided in section 355. Compensation shall be paid for the duration of the disability. The conclusive presumption of total

adjustments provided for in § 355 of the Workers' Disability Compensation Act.

> We disagree with this interpretation and hold that no adjustment to the minimum rates prescribed in § 351 is authorized because none was intended by the Legislature. We reach that conclusion because of 1) the Legislature's failure to make specific provision for adjustment of minimum rates while explicitly doing so with respect to maximum rates, 2) an analysis of the history of the provision in question, and 3) the internal conflicts and plainly absurd results which plaintiff's construction of the statute would effect. [412 Mich 285.]

This Court recognized that the holding was "not unlike the announcement of a new rule of law" and that, in the interest of fairness, the opinion would not affect disability payments already made (nor would a recipient be obligated to repay any overcompensation), but that benefits due and not yet paid or to be awarded after the date of the opinion would be in accord with the *Gusler* ruling. *Id.* at 298. In this Court's order, issued pursuant to the *Gusler* opinion decided December 30, 1981, we reversed and remanded the case to the Workers' Compensation Appeal Board for proceedings in conformity with the filed opinion. We subsequently granted a timely filed motion for rehearing on August 5, 1982. However, on March 15, 1983, before any action was taken on rehearing, this Court dismissed the appeal upon stipulation by the parties.[5] 414 Mich 1102 (1982).

and permanent disability shall not extend beyond 800 weeks from the date of injury and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time. [1976 PA 393, MCL 418.351(1); MSA 17.237(351)(1). See 1980 PA 357 for subsequent amendment.]

[5] A redemption was the reason the parties sought to dismiss the appeal.

In the instant case, the Court of Appeals, in granting leave to appeal, raised the issue, sua sponte, whether *Gusler* had any force or effect in light of this Court's grant of the rehearing and, thereafter, dismissal of the appeal pursuant to stipulation by the parties. In deciding this issue, the Court of Appeals looked to GCR 1963, 866,[6] specifically § 3, as authority for ruling that, because the *Gusler* opinion and judgment were not issued due to the stipulation to dismiss, the *Gusler* opinion was a nullity and, thus, inapplicable to the instant case.

We find GCR 1963, 866 to be dispositive of this situation. GCR 1963, 866.3(a) provides as follows:

"Entry. The clerk shall enter an order or judgment pursuant to an opinion as of the date the opinion is filed with him."

*Gusler* was filed and entered on December 30, 1981. The "entry" of an order or judgment, however, is not the same as the date of its "issuance." GCR 1963, 866.3(d) provides:

"Execution or Enforcement. Unless otherwise ordered by the Court, an order or judgment is effective when it is issued under (b)(1), (b)(2), or (c) and execution is to be obtained in the trial court."

An order or judgment does not become effective, and is therefore of no precedential value, until it is "issued" in conformity with either subsection (b) or (c). *People v Phillips,* 416 Mich 63, 74; 330 NW2d 366 (1982). Compare *People v Recorder's Court Judge #2,* 73 Mich App 156, 160; 250 NW2d 812 (1977), *lv den* 400 Mich 825 (1977), and *People v Draine,* 72 Mich App 592, 596; 250 NW2d 139 (1976), *lv den* 401 Mich 824 (1977), both decided prior to the 1978 amendment to GCR 1963, 866.

Under the provision for routine issuance of an order or judgment, 866.3(b), the clerk must send

---

[6] GCR 1963, 866, is now MCR 7.317.

certified copies of the Supreme Court's order or judgment to both the trial court and the Court of Appeals no less than 20 days or more than 30 days after the order or judgment was entered. Under (b)(2), however, if a motion for rehearing is timely filed, the clerk does not send certified copies of the order or judgment until after the motion for rehearing is denied, or, if granted, until at least 20 days after the filing of the Court's opinion on rehearing. GCR 1963, 864.4(b). In other words, if a motion for rehearing is timely filed, the order or judgment previously entered by the clerk does not "issue" or become effective until after the motion is decided one way or the other. Here, as a motion for rehearing was filed within 20 days of the filing or "entry" of the Supreme Court's *Gusler* opinion, GCR 1963, 864.4(a), and as the motion was subsequently granted, the *Gusler* opinion was never "issued" in conformity with the court rules.

The subsequent dismissal of the appeal by the Court upon stipulation of the parties does not somehow work to "issue" the Court's order or judgment. Nor is this a case of "exceptional issuance" otherwise ordered by the Court under subsection (c). Compare, *e.g., Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 403 Mich 215, 233; 268 NW2d 240 (1978), and *Poletown Neighborhood Council v City of Detroit,* 410 Mich 616, 636; 304 NW2d 455 (1981), with *Gusler, supra,* p 298. The Supreme Court's holding in *Gusler,* therefore, is without binding precedential effect. In accord, see *Phillips, supra,* p 75. [140 Mich App 75-77.]

While we agree with the Court of Appeals determination that GCR 1963, 866, is dispositive of the legal question, we believe that the Court of Appeals has erroneously applied § 3 of that court rule, instead of § 2, to the facts at hand.

GCR 1963, 866.2 states:

.2 Filing and Publication. *The Court shall file a*

*signed opinion with the clerk, who shall stamp the date of filing on it.* The Supreme Court reporter is responsible for having the opinions printed, in a form and under a contract approved by the Court. [Emphasis added.]

We find the language, "[t]he Court shall file a signed opinion with the clerk, who shall stamp the date of filing on it," as authority in ruling that a Supreme Court opinion becomes binding precedent for intermediate appellate and trial courts at the time a signed opinion is date-stamped and filed with the Clerk of the Supreme Court, unless this Court, in rendering an opinion, specifically states that the opinion is effective at a different date.[7] This determination is consistent with *Draine, supra,* wherein the Court of Appeals held that a Supreme Court opinion becomes binding authority on the date it is decided (i.e., the date stamped on the opinion when the opinion is filed in the Supreme Court Clerk's office). The *Draine* panel rejected the argument that GCR 1963, 866, dictates that a Supreme Court opinion is not binding precedent until twenty days after it is filed with the clerk, holding that court rule 866 is "designed only to facilitate the handling of motions for rehearing which must also be filed within 20 days" and is silent "about when a rule of law enunciated in a Supreme Court opinion is effective as binding precedent for inferior courts . . . ." 72 Mich App 596.[8]

---

[7] Publication follows filing in the court rule under § 2 and in practice. In accordance with the court rule, this Court's opinion in *Gusler* was published after filing. The undeniable purpose of that publication was to provide guidance for lower courts, for the bar, and for litigants so that decisions and evaluations regarding similar issues could take into account this Court's ruling. The fact that publication follows filing of opinions, as opposed to issuance of orders or judgments, evidences that this Court's opinions have effect upon filing.

[8] At the time the *Draine* case was decided, GCR 1963, 866 provided:

Additionally, in *Recorder's Court Judge #2, supra,*
the Court of Appeals, in addressing the issue when
a Supreme Court opinion becomes precedent, bind-
ing on lower courts, held, "We see little reason to
vary from the long held rule that case law is
effective upon the date of the filing of the opinion
in which it is contained." 73 Mich App 160.[9]

> An order or judgment pursuant to any decision of the Su-
> preme Court shall be entered by the clerk under the direction
> of the court. Final process to which any party may be entitled
> upon a judgment or order of the Supreme Court shall be issued
> by the clerk not less than twenty nor more than thirty days
> from the time of the entry of such judgment or order unless
> otherwise ordered by the court or unless application for rehear-
> ing timely filed is pending.

There was no § 2 in this court rule regarding filing and publication
of opinions as subsequently set forth in the amended rule on January
23, 1978. Nevertheless, the Court of Appeals result in *Draine* as to
when Supreme Court opinions become binding precedent, along with
their reasoning regarding the issuance of an order or judgment, is
accurate and relevant authority for the purposes of the issue involved
in the instant case.

[9] As was the case in *Draine, Recorder's Court Judge #2* was also
decided prior to the 1978 amendment of GCR 1963, 866.

In the instant case, the Court of Appeals relied upon *Phillips,
supra.* Unlike *Draine* and *Recorder's Court Judge #2,* however,
*Phillips* did not involve GCR 1963, 866. Instead, *Phillips* dealt with
GCR 1963, 821.2, which is the rule addressing entry of orders or
judgments in the Court of Appeals, not the Supreme Court. *Phillips,*
citing *People v George,* 399 Mich 638; 250 NW2d 491 (1977), explained
that where this Court has granted leave from a decision of the Court
of Appeals, the Court of Appeals decision does not have precedential
force until this Court disposes of the case. 416 Mich 74. The instant
panel of the Court of Appeals is apparently drawing an analogy
between a Court of Appeals decision where this Court has granted
leave and a Supreme Court decision where this Court has granted a
rehearing. We do not believe that the precedential effect of a Court of
Appeals decision pending on leave granted to this Court is of similar
circumstance as a Supreme Court opinion that has been filed with a
rehearing subsequently granted. In *Tebo v Havlik,* 418 Mich 350, 379-
380; 334 NW2d 181 (1984), Justice LEVIN stated in his dissenting
opinion: "[A] decision of the Court of Appeals (except possibly a
decision en banc) is not a rule of law within the doctrine of stare
decisis, since it binds neither other panels of the Court of Appeals nor
the Supreme Court."

Further, Justice RYAN, the author of *Phillips,* indicated that *Phil-
lips* and *George* "explicate the niceties of the point at which an
*intermediate* appellate court judgment is final, binding, and preceden-
tial." 416 Mich 370, n 1. (Emphasis added.)

The Court of Appeals, in reaching its decision, also failed to recognize the distinction between a rule of law set forth in an opinion properly filed, GCR 1963, 866.2, as precedent, and an order or judgment issued pursuant to an opinion, GCR 1963, 866.3(a), which affects only the specific parties to the litigation. A rule of law enunciated in a Supreme Court opinion is determinative of the legal question involved and, upon compliance with GCR 1963, 866.2, becomes binding precedent on intermediate appellate and trial courts at that time. Conversely, an order or judgment entered pursuant to an opinion, GCR 1963, 866.3(a), is strictly limited in its scope to the particular parties involved in the appeal. Routine issuance of an order or judgment does not affect the precedential force of an opinion.

While it is true, as the Court of Appeals stated, that an order or judgment cannot become effective for execution or enforcement purposes until it is issued, GCR 1963, 866.3(d), it simply does not follow that an opinion of this Court is not effective as precedent until that same time. An opinion of this Court is not rendered meaningless because litigants involved in the controversy cannot begin execution or enforcement until issuance of an order or judgment. Further, this does not connote that an opinion is applicable to everyone but the litigants to that case. Rather, the opinion does apply to those litigants, and, whether or not an order or judgment issued pursuant to that opinion is enforced or executed between the parties, is an issue separate and distinct from when the opinion

Thus, the fact that no precedential effect attaches to a Court of Appeals decision pending before this Court (until we resolve the appeal) does not imply that no precedential effect attaches to a Supreme Court opinion until it is issued. A Supreme Court opinion is filed, pursuant to GCR 1963, 866.2, and has precedential effect at that time; it is not issued; only an order or judgment is issued.

has precedential effect. This Court will not equate issuance of an order or judgment for execution or enforcement purposes, GCR 1963, 866.3(d), with the precedential effect of an opinion for guidance and authority, GCR 1963, 866.2.

Finally, if a motion for rehearing is timely filed with this Court, as was the case in *Gusler,* then GCR 1963, 864.4(b) controls, and the issuance of the order of judgment as to the litigants is postponed.

> b) Unless otherwise ordered by the Court, timely filing of a motion *postpones issuance of the Court's judgment order* until the motion is denied by the Court or, if granted, until at least 20 days after the filing of the Court's opinion on rehearing. [Emphasis added.]

This court rule subsection does not state, nor does GCR 1963, 866, that the filing of a timely motion for rehearing or the granting of such a motion, postpones or deprives a previous opinion of precedential effect. This Court is well aware, in reviewing a motion for rehearing and in granting a rehearing, of the substance of the opinion upon which the rehearing motion is based. If we, in granting a motion for rehearing, believe that the precedential effect of an opinion should be postponed pending rehearing, we will specifically so indicate in the order granting rehearing or by separate order. If this Court does not expressly postpone the precedential effect of an opinion, then only the order is postponed pending rehearing, GCR 1963, 864.4(b), and not the precedential force of the initial opinion. And, lastly, if a case is reheard, and not dismissed upon stipulation by the parties as in *Gusler,* we will, in our opinion following the rehearing, GCR 1963, 866.3(b)(2), set forth changes in the law, if any, we deem necessary.

Thus, in applying the facts of the *Gusler* case to GCR 1963, 866, we can only conclude that, pursuant to § 2 of the court rule, the *Gusler* decision became binding precedent on the courts of this state on the date of the decision, December 30, 1981. The timely filing of the motion for rehearing by the defendants in *Gusler* and the grant of rehearing by this Court on August 5, 1982, only postponed the issuance of the order and did not affect the *Gusler* holding that the minimum weekly compensation rates in § 351(1) are not subject to the adjustments as prescribed in § 355. The subsequent dismissal of the appeal by this Court, upon stipulation by the parties, was the final order issued pursuant to GCR 1963, 866.3, and applicable only to the parties involved in that case. Therefore, the *Gusler* opinion, binding precedent as of December 30, 1981, and never having been overruled by this Court, is applicable to the instant case.[10]

We reverse the decision of the Court of Appeals

---

[10] The plaintiff cites four cases from other jurisdictions to support the position that a grant of a rehearing motion deprives a prior opinion of authority. However, we believe these cases are all distinguishable, and, thus, inapplicable to the instant case.

In *Holcomb v Escambia Co Hospital Bd,* 291 Ala 114, 117; 278 So 2d 699 (1973), the Alabama Supreme Court, concomitant with the granting of the application for rehearing in that case, *specifically* set aside the original opinion and judgment. Conversely, the original opinion in *Gusler* was not specifically set aside by this Court when the rehearing was granted. Only the judgment order issued pursuant to the original *Gusler* opinion was postponed. GCR 1963, 864.4(b).

The West Virginia Supreme Court in *Miller v Burley,* 155 W Va 681, 698; 187 SE2d 803 (1972), in addressing the issue of what effect a rehearing has on a previously rendered opinion, stated:

As a general rule, when a rehearing is granted, the status of the case is the same as though no hearing had occurred. The granting of a rehearing withdraws an opinion previously rendered and destroys its force and effect unless it is subsequently adopted by the same tribunal.

While we do not discount the logic of the West Virginia Supreme Court's reasoning regarding the effect the granting of a rehearing has

as to the precedential effect of *Gusler* and remand this case to that Court for consideration of the res judicata and retroactivity issues. We order that the parties brief these issues prior to consideration by the Court of Appeals.

No costs, a public question being involved.

We do not retain jurisdiction.

BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.

WILLIAMS, C.J. (*concurring*). While I concur in

on the precedential force of a previously filed opinion, we cannot adopt its conclusion in a vacuum. We must resolve the issue in this case within the context of the stated court rules of this jurisdiction. As previously noted, neither Michigan court rule GCR 1963, 866, nor 864.4(b), indicates that a grant of a rehearing motion deprives a previous opinion of authority, and, therefore, we concluded that a previously filed opinion *does* have precedential force unless specifically vitiated by this Court in an order.

In *Dover v Reynolds*, 245 Ind 33, 34; 196 NE2d 76 (1964) (incorrectly cited in plaintiff's brief as being *State v Boone Circuit*), the court held that because the Supreme Court "granted a petition for rehearing generally, and the case is before the court as if it had never been decided" it thus cannot be cited as authority. The *Dover* case, however, appears to be an appeal from an intermediate appellate court. Thus, when the Indiana Supreme Court used the language "rehearing," it appeared to be making reference to the first appeal to the highest court from an intermediate appellate court, and not a rehearing by the Supreme Court of a case it had previously decided.

Finally, in *Tallman v Eastern Illinois & P R Co*, 379 Ill 441, 448-449; 41 NE2d 537 (1942), the Illinois Supreme Court ruled that when a rehearing is granted and the case is disposed of without a judgment of the Supreme Court, the decision previously rendered will not be accepted as precedent or as expressing the final views of the court. This rationale was reached in the context of a case in which the opinion was not published because a rehearing was granted. However, in *Gusler*, this Court issued an order of judgment pursuant to the filed opinion which was subsequently published. The fact that an order of judgment was issued pursuant to the filed and published opinion distinguishes the *Gusler* case to the extent that we believe the rationale enunciated in *Tallman* is inapplicable as authority to the facts in the instant case.

We conclude, therefore, that the foregoing cases do not support a determination that, in Michigan, an opinion has no precedential effect once a rehearing is granted. Thus, we reject the plaintiff's argument on this point.

the result and general reasoning of Justice RILEY's opinion, I continue to believe that *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), was wrongly decided.

ARCHER, J., concurred with WILLIAMS, C.J.

LEVIN, J. *(separate opinion).* The opinion of the Court (i) holds that the majority opinion in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), "becomes binding precedent for intermediate appellate and trial courts"[1] when the signed opinion was filed with the clerk of the Court, and, consistent with *Gusler,* the minimum workers' compensation rates are not subject to upward adjustment pursuant to § 355 of the Workers' Disability Compensation Act,[2] and (ii) remands to the Court of Appeals to consider the "retroactive effect of *Gusler"* and to reconsider the res judicata issue.[3]

I agree that, pursuant to *Gusler,* the minimum rates are not subject to adjustment under § 355, but would additionally hold, as indicated in *Gusler,* that the rule announced in *Gusler* is effective as to any payment of workers' compensation benefits after December 30, 1981.

I

A court speaks through its judgments, orders, or

---

[1] This suggests that following decision after remand to the Court of Appeals whoever is dissatisfied with its decision may seek to bring the meritorious question whether minimum rates are subject to upward adjustments back to this Court one more time.

[2] MCL 418.355; MSA 17.237(355).

[3] It does not appear why what was said on the meritorious question, whether minimum rates are subject to upward adjustment, is regarded as precedentially binding, but what was said in the concluding paragraph of the *Gusler* opinion (see Part III-A, *infra*) on the retroactivity/res judicata issues is not precedentially binding.

decrees, not through its opinions.[4] Unless a judg-
ment, order, or decree is issued adjudicating a
controversy on the merits, there is no decision,
and, absent a decision, there is only expression of
opinion(s) and hence no precedent.[5]

In *Gusler,* before a judgment order was issued
by the clerk of this Court pursuant to the opinions
filed in that case, an order was entered by the
clerk dismissing the appeal.[6] Consequently no or-
der was entered adjudicating the controversy be-
tween the parties. There thus was no decision by
this Court. Absent a decision, there were only
opinions. Since the Court as a court speaks only
through its orders and not through its opinions,
the Court *as a court* has not spoken on the merits
of the issues dealt with in the *Gusler* opinion.

An opinion or opinions filed by this Court, after
full briefing and argument, may and should be
regarded upon filing as functioning much like an
advisory opinion until issuance of the judgment
order. The opinions filed represent the views of the
justices who sign them; the majority opinion is
not, however, precedentially binding under the
doctrine of stare decisis until a judgment order
issues pursuant to the opinions. The trial courts
and the Court of Appeals may and generally will
be guided by the majority opinion from the time of

[4] 20 Am Jur 2d, Courts, § 189, pp 524-525; 49 CJS, Judgment, § 22, p
51. *Michigamme Oil Co v Huron Valley Bldg & Savings Ass'n,* 280
Mich 12, 14; 273 NW 329 (1937); *Kingsbury v Kingsbury,* 20 Mich 212,
215 (1870); *Newbould v Stewart,* 15 Mich 155 (1866).

[5] Because this Court speaks only through its orders, it cannot
properly, through construction of a court rule, make an opinion
precedentially binding, before issuance of an order pursuant to the
opinion.

[6] The reason why a judgment order pursuant to the opinions was
not issued before issuance of an order dismissing the appeal was that
a timely petition for rehearing had been filed and subsequently that
petition was granted. Under the court rule the timely filing of a
petition for rehearing deferred the time for issuing a judgment order.
GCR 1963, 864.4.

filing, but are not required to follow the majority opinion until a judgment order is issued.

The concept that an opinion without an order adjudicating a controversy is not precedentially binding has been recognized in the decisions of this Court and of other courts[7] stating that an advisory opinion is not precedentially binding. "[T]he court does not act as a court in rendering such opinions"; "such opinions are regarded as expressing the views of the justices and not a judicial determination of the questions by the court." *Anway v Grand Rapids R Co,* 211 Mich 592, 603; 179 NW 350 (1920). It has been said: "Since in an advisory opinion there is no decision, such an opinion of a court does not have stare decisis effect," and that only a judicial opinion "expressed in connection with a decision that has become final can have stare decisis effect . . . ."[8]

This Court recognized the difference between a precedentially binding decision and an advisory opinion in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982). In *In re Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 462; 208 NW2d 469 (1973), a majority of the justices had indicated that the question of what constitutes a "serious impairment of body function" within the meaning of the no-fault automobile liability act[9] was a question to be decided by the trier of fact. In *Cassidy, supra,* p 495, the Court, in concluding that the question was to be decided by

---

[7] See 20 Am Jur 2d, Courts, n 4 *supra;* 21 CJS, Courts, § 211, p 386.

See also *Opinion of the Justices,* 170 A2d 652 (Me, 1961); *Commonwealth v Welosky,* 276 Mass 398; 177 NE 656 (1931), cert den 284 US 684 (1931); *In re Opinion of the Justices,* 81 NH 566; 129 A 117 (1925).

[8] 20 Am Jur 2d, Courts, n 4 *supra.* "The *conclusion* arrived at and announced upon the several questions discussed and essential to a proper disposition of the case, is that of the court . . . ." *Larzelere v Starkweather,* 38 Mich 96, 100 (1878). (Emphasis supplied.)

[9] MCL 500.3135; MSA 24.13135.

the Court, observed that the statements in *In re Advisory Opinion* did "not constitute a decision of the Court and [were] not precedentially binding in the same sense as a decision of the Court after a hearing on the merits." The Court said that "[a]lthough advisory opinions are not binding, they may be persuasive," but the "validity" of what was said in *In re Advisory Opinion* would "have to find a basis other than stare decisis." *Id.,* p 498.

## II

Since *Gusler* is not precedentially binding, this Court might remand the cause to the Court of Appeals to decide whether the opinion of the Court of Appeals in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), lv den 391 Mich 780 (1974), or the view expressed by a majority of the justices in *Gusler* is correct. I think it would be more appropriate for this Court to decide the question and would do so.[10] The question has been fully briefed in this Court by both sides of the controversy.

I would, for the reasons set forth in the majority opinion in *Gusler,* which I signed when the opinions in *Gusler* were filed, adhere to the view there stated that the minimum rates are not subject to adjustment.

## III

I would also decide the retroactivity and res judicata issues. Again, the questions have been

[10] If the Court of Appeals were on remand to decide the meritorious question in accord with the majority opinion in *Gusler,* that would establish a conflict in the Court of Appeals between *Jolliff* and the decision of the Court of Appeals on remand that, depending on how the majority opinion in the instant case is read, might or would require resolution by this Court.

fully briefed in this Court by both sides of the controversy.

### A

In *Gusler,* p 298, the majority opinion concluded with the following statement:

> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling.

The majority thus indicated that *Gusler* would apply to cases decided before December 30, 1981, as to payments made after that date. Although the majority opinion did not go into an extended retroactivity/res judicata analysis, that is what the opinion stated.

The question of retroactivity is, as set forth in *Gusler,* ultimately one of fairness. There is nothing unfair in applying the rule stated in *Gusler,* which appears to have been reaffirmed today on varying analyses, from and after the date of the announcement of the opinions of the justices in *Gusler.*

The statement in the foregoing concluding paragraph of the majority opinion in *Gusler* was surely adequate notice to the workers' compensation department, the wcab, bench and bar, that *Jolliff* should no longer be followed. The "interest of fairness" adverted to in *Gusler,* that prompted this Court to state that *Gusler* should not "affect any disability compensation payments already made,"

does not require that the effect of *Gusler* be deferred until this Court has reaffirmed *Gusler.* It would not be "unfair" to hold in the instant case that, as declared in *Gusler,* "any benefits due and not yet paid or to be awarded after the date of [the *Gusler* opinion] shall be in accord with th[e] ruling" stated in *Gusler* that the minimum rates are not subject to adjustment.

To defer the effectiveness of the overruling of *Jolliff* beyond the filing on December 30, 1981, of the *Gusler* opinions would be unfair to employers and their insurers who have been required to pay out large sums because of an incorrect construction of § 355.

B

There is no constitutional impediment to changing, upwards or downwards, workers' compensation benefits after an adjudication awarding such benefits. See *Franks v White Pine Copper,* 422 Mich 636, 653-654; 375 NW2d 715 (1985), where this Court said that "[w]orkers' compensation benefits are social-welfare income-maintenance benefits," and that "[i]n providing for such benefits, the Legislature did not covenant not to amend the legislation," and that an award of such benefits is not insulated "from substantive change by subsequent legislation."

A workers' compensation award differs from a lump sum tort judgment in that it operates prospectively and is subject to change in response to subsequent events. Just as a change in legislation may result in an upward or downward adjustment in the amount of benefits, so too a change in a rule of law announced by judicial decision may effect a change in the amount of the benefits payable.

The doctrine of res judicata does not preclude

giving effect to such a change in law. In *Socialist Workers Party v Secretary of State,* 412 Mich 571, 584; 317 NW2d 1 (1982), this Court adopted the view expressed in the Restatement of Judgments that although an issue has been actually litigated and determined by a valid and final judgment, relitigation of the issue between the parties is not precluded where the issue is one of law and "[a] new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws." Restatement Judgments, 2d, § 28.[11]

Were this Court to give preclusive effect to a prior adjudication that was based on *Jolliff* as to payments of workers' compensation benefits after *Gusler* it would perpetuate, in the name of a judicial doctrine, a judicial error in construing a statute that thwarts legislative intent. The policies that explain the judicial doctrine of res judicata do not require the continued imposition on employers and their insurers of payments contrary to the intendment of the statute.

---

[11] Similarly see *Young v Detroit City Clerk,* 389 Mich 333, 338; 207 NW2d 126 (1973). *Socialist Workers Party* quoted from Restatement Judgments, 2d (Tentative Draft No 1, 1973), § 68.1, pp 170-171, which became Restatement Judgments, 2d, § 28.

Just as each income tax year is a separate period, *Comm'r of Internal Revenue v Sunnen,* 333 US 591, 599; 68 S Ct 715; 92 L Ed 898 (1948), so too each week that workers' compensation benefits are payable is a separate period.