*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

ROBERT WINBURN,

   Defendant-Appellant.

FOR PUBLICATION
July 11, 2025
11:33 AM

No. 369323
Wayne Circuit Court
LC No. 91-007478-01-FC

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

BOONSTRA, J.

Defendant appeals by delayed leave granted[1] the trial court's order denying his fourth motion for relief from judgment. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 1992, defendant was convicted by a jury of first-degree felony murder, MCL 750.316(b)(1); assault with intent to murder (AWIM), MCL 750.83; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to life imprisonment for the first-degree felony murder conviction as well as prison terms of 15 to 30 years for the AWIM conviction and two years for the felony-firearm conviction.

Defendant appealed his convictions and sentences, which this Court affirmed.[2] In 1994, defendant applied for leave to appeal this Court's decision to the Michigan Supreme Court. In lieu of granting leave, our Supreme Court vacated defendant's first-degree felony murder conviction, holding that the trial court had given the jury an erroneous instruction with respect to the underlying felony component. *People v Winburn*, 450 Mich 861 (1995). The Supreme Court held

---

[1] *People v Winburn*, unpublished order of the Court of Appeals, entered May 21, 2024 (Docket No. 369323).

[2] *People v Winburn*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 1994 (Docket No. 152551), p 1, vacated in part 450 Mich 861 (1995).

that defendant was entitled to either a new trial on the first-degree murder charge, or the entry of a conviction of second-degree murder. *Id.* On September 13, 1995, the Supreme Court entered an order vacating defendant's first-degree murder conviction and remanding the case to the trial court; it directed the prosecution to choose either to retry defendant for first-degree murder or to allow the entry of a conviction of second-degree murder.

On October 4, 1995, defendant filed a motion for reconsideration of the Supreme Court's remand order. On November 17, 1995, the trial court entered an order vacating defendant's conviction for first degree murder and, the prosecution having opted to allow the entry of a second-degree murder conviction, a judgment of sentence convicting defendant of second-degree murder.[3] Our Supreme Court denied defendant's motion for reconsideration on November 29, 1995.

Defendant filed motions for relief from judgment on various grounds in the trial court in 1993, 2003, and 2009; all of these motions were denied, as were their attendant motions for reconsideration and applications for leave to appeal. Defendant filed his fourth motion for relief from judgment in 2022, arguing that under *People v Washington*, 508 Mich 107; 972 NW2d 767 (2021), the trial court had lacked subject-matter jurisdiction when it resentenced him in 1995, because his motion for reconsideration with the Supreme Court remained pending at that time. Defendant also challenged his conviction of second-degree murder on double-jeopardy grounds. The trial court denied his motion. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews for an abuse of discretion a trial court's decision on a motion for relief from judgment." *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). "An abuse of discretion occurs if the court does not select a reasonable and principled outcome." *People v Simon*, 339 Mich App 568, 580; 984 NW2d 800 (2021). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

Whether a trial court lacked subject matter jurisdiction is a question of law that we review de novo. *Washington*, 508 Mich at 121. "A double jeopardy challenge presents a question of constitutional law that this Court reviews de novo." *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004). "The interpretation of court rules is a question of law that this Court reviews de novo. The same principles of statutory interpretation govern when interpreting and applying a court rule. Therefore, . . . analysis begins with the language of the court rule." *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

In a criminal case, we review unpreserved claims of error for plain error affecting substantial rights. See *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have

---

[3] Defendant appealed his sentence to this Court, and we affirmed. See *People v Winburn*, memorandum opinion of the Court of Appeals, issued July 8, 1997 (Docket No. 192394).

occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

### III. SUBJECT-MATTER JURISDICTION

Defendant argues that the trial court erred by determining that it possessed subject-matter jurisdiction over his case when it entered a judgment of sentence on November 17, 1995. We disagree.

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case. This authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending." *Washington*, 508 Mich at 121 (quotation marks and citations omitted). Michigan's constitution and laws grant circuit courts subject-matter jurisdiction over felony cases once they are bound over from the district court. *Id*. at 122, see also Const 1963, art 6, § 13; MCL 600.601. Michigan's constitution and laws also grant this Court subject-matter jurisdiction over appeals from all final judgments and final orders of the circuit courts and other lower courts. *Id*., see also Const 1963, art 6, § 10; Const 1963, art VI, § 13; MCL 600.308. Michigan's Supreme Court, in turn, possesses "general superintending control over all courts . . . and appellate jurisdiction as provided by the rules of the supreme court." Const 1963, art 6, § 4; MCL 600.212; see also MCR 7.303(B)(1) (providing that our Supreme Court may review by appeal a case pending in this Court or after decision by this Court).

In a criminal case, when a trial court enters a final order or judgment from which an appeal by right may be taken, and a defendant files a claim of appeal, the trial court is divested of subject-matter jurisdiction over that case in order to permit the defendant to exercise his constitutional appellate rights. *Washington*, 508 Mich at 126-127; see also *People v George*, 399 Mich 638, 640; 250 NW2d 491 (1977). As recently explained by our Supreme Court:

> A final order is the demarcation that divests a trial court of its general "subject-matter jurisdiction" and permits a criminal defendant to exercise his or her constitutional right to an appeal. When a trial court enters a final order, it relinquishes its general power to find facts and render conclusions of law affecting the final order unless permitted by court rule or by order from courts exercising appellate jurisdiction. Allowing a trial court to substantively alter a final order may well affect the very basis on which our appellate courts have assumed jurisdiction to ensure the review recognized by our Constitution. [*People v Scott*, 513 Mich 180, 207-208; 15 Mich NW3d 159 (2024).]

Once this Court has obtained appellate jurisdiction over a criminal case and issued a decision, a defendant may apply for leave to appeal that decision to the Michigan Supreme Court. See MCR 7.305(C)(2). If a defendant does so, jurisdiction remains with the appellate courts (and correspondingly, the circuit court remains divested of jurisdiction) until the Supreme Court's "disposition of defendant's application for leave to appeal the Court of Appeals' judgment." *Washington*, 508 Mich at 127.

Our court rules provide that, in response to an application for leave to appeal a decision of this Court, our Supreme Court may "grant or deny the application for leave to appeal, enter a final

decision, direct argument on the application, or issue a peremptory order." MCR 7.305(I)(1). If the application for leave to appeal is denied, this Court's decision becomes the final adjudication in the case and may be enforced; if the application is granted, jurisdiction over the case is vested in the Supreme Court. MCR 7.305(I)(3).

"[A]n order or judgment cannot become effective for execution or enforcement purposes until it is issued." *Riley v Northland Geriatric Center*, 425 Mich 668, 680; 391 NW2d 331 (1986). The date of entry of an order or judgment is not always synonymous with the date it becomes effective; rather, the date that an order or judgment becomes effective is governed by our court rules. See *id*. at 676.

MCR 7.315(C) governs the entry and effective date of orders and judgments issued by our Supreme Court pursuant to an opinion,[4] and provides:

(1) *Entry*. The clerk shall enter an order or judgment pursuant to an opinion as of the date the opinion is filed with the clerk.

(2) *Routine Issuance*.

(a) If a motion for rehearing is not timely filed under MCR 7.311(F)(1), the clerk shall send a certified copy of the order or judgment to the Court of Appeals with its file, and to the trial court or tribunal that tried the case with its record, not less than 21 days or more than 28 days after entry of the order or judgment.

(b) If a motion for rehearing is timely filed, the clerk shall fulfill the responsibilities under subrule (C)(2)(a) promptly after the Court denies the motion or, if the motion is granted, enter a new order or judgment after the Court's decision on rehearing.

(3) *Exceptional Issuance*. The Court may direct the clerk to dispense with the time requirement of subrule (C)(2)(a) and issue the order or judgment when its opinion is filed. An order or judgment issued under this subrule does not preclude the filing of a motion for rehearing, but the filing of a motion does not stay execution or enforcement.

---

[4] A Supreme Court order or judgment pursuant to an opinion "is strictly limited in its scope to the particular parties involved in the appeal," as opposed to the "rule of law enunciated in a Supreme Court opinion," which is "determinative of the legal question involved" and becomes binding precedent. See *Riley*, 425 Mich at 680.

(4) *Execution or Enforcement*. Unless otherwise ordered by the Court, an order or judgment is effective when it is issued under subrule (C)(2)(a) or (b) or (C)(3), and enforcement is to be obtained in the trial court.[5]

By contrast, MCR 7.315(D) provides in relevant part that "[a]n order or judgment, other those by opinion under subrule (C), is entered on the date of filing. Unless otherwise stated, an order or judgment is effective the date it is entered."[6] MCR 7.311(G) provides that "the filing of a motion for reconsideration does not stay the effect of the order addressed in the motion."[7]

In this case, defendant filed his claim of appeal from his original convictions and sentences after his sentencing in 1992. Upon the filing of that claim of appeal, the trial court was divested of subject-matter jurisdiction. *Washington*, 508 Mich at 126-127; see also *George*, 399 Mich at 640. Our Supreme Court entered its order vacating defendant's first-degree murder conviction and remanding to the trial court on September 13, 1995.

The relevant inquiry then becomes: when did the Supreme Court's remand order become effective so as to constitute the "disposition of defendant's application for leave to appeal the Court of Appeals' judgment [and thus to vest jurisdiction once again in the trial court] [?]" *Washington*, 508 Mich at 127. Contrary to what the parties argue, the answer to this question does not require us to decide whether to "expand" the holding in *Washington* to encompass the filing of a motion for reconsideration in the Supreme Court.[8] It was defendant's filing of a claim of appeal that divested the trial court of subject-matter jurisdiction, and defendant's filing of a motion for reconsideration in the Supreme Court is only relevant to the extent that it might affect when our Supreme Court's "disposition" of defendant's application for leave to appeal became effective and subject-matter jurisdiction returned to the trial court. *Id*.

We conclude that the Supreme Court's 1995 order was not an order or judgment issued pursuant to an opinion under MCR 7.315(C) (then MCR 7.317(C)), but instead was "[a]n order or judgment, other those by opinion under subrule (C)," issued under MCR 7.315(D) (then MCR 7.317(D)). The order is found in the Michigan Reporter under the "Actions on Applications" section, is labeled as an order (not as an opinion), makes no reference to any related opinion, and does not itself fit the requirements for a Supreme Court opinion found in our court rules, either in

---

[5] The language of this court rule was substantially similar in 1995, when it was designated as MCR 7.317(C). Additionally, the rule that a routinely issued order or judgment pursuant to an opinion does not become effective until after the time period for the filing of a motion for rehearing expires, or a timely-filed motion for rehearing is disposed of, was well-established in our court rules much earlier than 1995. See, e.g., *Riley v Northland Geriatric Center*, 425 Mich 668, 677-679; 391 NW2d 331 (1986), citing GCR 1963, 866.

[6] This language was identical in 1995, when the court rule was designated MCR 7.317(D).

[7] This language was identical in 1995, when the court rule was designated MCR 7.313(E).

[8] The Supreme Court held in *People v Washington*, 508 Mich 107, 129; 972 NW2d 767 (2021), that the trial court lacked subject-matter jurisdiction to resentence the defendant on remand from this Court while the defendant's application for leave to appeal was pending in the Supreme Court.

1995 or presently. See MCR 7.317(A) in 1995 ("An opinion must be written and bear the writer's name or the label 'per curiam'. Each justice deciding a case must sign an opinion."); see also MCR 7.315(A) currently ("An opinion must be written and bear the authoring justice's name or the label 'Per Curiam' or 'Memorandum Opinion.' Each justice deciding a case must sign an opinion. Except for affirmance of action by a lower court or tribunal by even division of the justices, a decision of the Court must be made by concurrence of a majority of the justices voting."). Defendant's case was never placed on the calendar or heard by the Supreme Court; rather, defendant's application was disposed of via order absent the issuance of any opinion. There simply is no evidence in the record from which to conclude that the 1995 remand order was "an order or judgment pursuant to an opinion" under MCR 7.315(C) which, unless otherwise ordered, would not have become effective until either the time for filing a motion for rehearing had elapsed or a timely-filed motion for rehearing had been disposed of by the Court. MCR 7.315(C)(4).

Under MCR 7.315(D), the Supreme Court's 1995 order therefore became effective the day it was entered, September 13, 1995, and subject-matter jurisdiction was re-invested in the trial court on that day. *Id*. Defendant's filing of a motion for reconsideration in the Supreme Court did not stay that investiture. See MCR 7.313(E) in 1995; see also MCR 7.311(G) presently. *Washington*, 508 Mich at 127. Accordingly, the trial court possessed subject-matter jurisdiction when it entered a judgment of sentence convicting defendant of second-degree murder.

## IV. DOUBLE JEOPARDY

Defendant also argues that the trial court erred by denying the portion of his successive motion for relief from judgment raising a double-jeopardy claim. Specifically, defendant argues that he was acquitted of second-degree murder by the jury, and that therefore the trial court's subsequent entry of a conviction for second-degree murder violated his protection against double jeopardy. We disagree. Defendant's double-jeopardy argument does not fall within the exceptions listed in MCR 6.502(G)(2) and is therefore procedurally barred.

MCR 6.502(G) governs successive motions for relief from judgment and, in relevant part, states:

(G) Successive Motions.

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction.

(2) A defendant may file a second or subsequent motion based on any of the following:

(a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,

(b) a claim of new evidence that was not discovered before the first such motion was filed, or

-6-

(c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based.

"The court may waive the provisions of this rule if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.502(G).

MCR 6.508(D) provides in relevant part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

\* \* \*

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision; for purposes of this provision, a court is not precluded from considering previously decided claims in the context of a new claim for relief, such as in determining whether new evidence would make a different result probable on retrial, or if the previously decided claims, when considered together with the new claim for relief, create a significant possibility of actual innocence;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

(i) in a conviction following a trial,

(A) but for the alleged error, the defendant would have had a reasonably likely chance of acquittal.

Similar to MCR 6.502(G), "[t]he court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D).

This is defendant's fourth motion for relief from judgment. The motion is barred (apart from its jurisdictional challenge) unless defendant demonstrates that it falls within one of the three exceptions: (1) a retroactive change in the law; (2) new evidence; or (3) one of his convictions being vacated. See MCR 6.502(G); *People v Swain*, 288 Mich App 609, 632-633; 794 NW2d 92

(2010). "MCR 6.508(D) only becomes relevant after the defendant has made a preliminary showing under MCR 6.502(G)." *Owens*, 338 Mich App at 115.

Defendant has not established any of the grounds provided in MCR 6.502(G)(2) with respect to his double jeopardy claim. Defendant does not raise a retroactive change in existing law, provide new evidence, or establish that his second-degree murder conviction was vacated. Moreover, under MCR 6.508(D), "a court may not grant relief to the defendant if the motion alleges grounds for relief which *were decided against the defendant in a prior appeal or proceeding under this subchapter*, unless the defendant establishes that a retroactive change in the law has undermined the prior decision . . . ." (Emphasis added.) Defendant raised the double jeopardy challenge in his first motion for relief from judgment. The trial court addressed the issue and denied his motion. This Court denied defendant's delayed application for leave, and the Michigan Supreme Court denied leave. This challenge was therefore decided against defendant in 1997, and defendant fails to raise a change in double-jeopardy law that undermined the trial court's original decision.[9] Accordingly, defendant's double-jeopardy challenge is also barred under MCR 6.508(D)(2).

The trial court possessed subject-matter jurisdiction when it sentenced defendant on remand from our Supreme Court, and defendant has failed to establish that his double-jeopardy challenge falls within one of the exceptions listed in MCR 6.502(G)(2). Consequently, the trial court properly denied defendant's fourth motion for relief from judgment. See *Swain*, 288 Mich App at 633. Accordingly, we affirm the trial court's denial of defendant's successive motion for relief from judgment, albeit on alternate grounds. See *People v Hellstrom*, 264 Mich App 187, 200; 690 NW2d 293 (2004) (affirming the trial court's denial of the defendant's suppression motion on alternate grounds).

Affirmed.

/s/ Mark T. Boonstra
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace

---

[9] Although defendant cites the United States Supreme Court's recent opinion in *McElrath v Georgia*, 601 US 87, 91; 144 S Ct 651; 217 L Ed 2d 419 (2024), for the proposition that our Supreme Court improperly instructed the trial court to overturn his verdict of acquittal and enter a conviction for second-degree murder, that case is inapposite. Defendant was not charged with second-degree murder at his jury trial, and the jury did not acquit him of that offense; rather, the jury initially convicted defendant of first-degree murder, of which second-degree murder is a lesser-included offense. See *People v Reichard*, 505 Mich 81, 87; 949 NW2d 64 (2020) ("MCL 750.316(1)(b) operates only to elevate a second-degree murder to first-degree murder if it was committed in the commission of one of the enumerated felonies."). Because the jury found defendant guilty of first-degree murder, it necessarily found defendant guilty of second-degree murder. See *People v Alter*, 255 Mich App 194, 199; 659 NW2d 667 (2003).